THOMAS WOLF, PLAINTIFF IN ERROR, V. JOSEPH L. MURPHY, DEFENDANT IN ERROR.

All the parties in a joint judgment are necessary parties to a petition filed by one of their number to reverse it, and may be made so as plaintiffs or defendants, in conformity with the provisions of the code as to parties to civil actions. *Smetters v. Rainey,* 14 O. S., 287.

ERROR to the district court for Seward county. Tried below before NORVAL, J. Heard here on motion to dismiss.

*Lamb, Ricketts & Wilson,* for plaintiff in error.

*Norval Brothers,* for defendant in error.

COBB, J.

This action was brought in the district court of Seward county by Joseph L. Murphy, plaintiff, against Thomas Wolf, T. W. Boies, C. W. Barkley, L. G. Johns, Henry

Vanderhoof, and Aeneas Hurlburt, defendants, on several causes of action. The causes of action were all joint in form against all of the defendants. The defendants all appeared and answered. A trial was had to the court, which found the issues and rendered judgment in favor of the plaintiff as against the defendants Wolf and Boies, but against the plaintiff and for the defendants Barkley, Johns, Vanderhoof and Hurlburt. The defendant Thomas Wolf alone brings the cause to this court upon error. No mention is made in the petition in error of either of the other defendants.

In this court the defendant in error moves to dismiss the petition in error upon the following grounds:

1. This court has no jurisdiction of the subject matter.

2. That all the parties interested in the judgment sought to be reversed, as shown by the record, have not been brought before the court.

3. The record shows a judgment against Boies and Wolf for $575.90 and costs, and a judgment of no cause of action as to the defendants Barkley, Johns, Vanderhoof, and Hurlburt, yet neither Boies, Barkley, Johns, Vanderhoof or Hurlburt have been made parties in this court.

4. The petition in error and summons in error do not set out the names of all the parties to the judgment of the court below.

The argument on the motion was directed chiefly to the omission on the part of the plaintiff in error to make the parties in the court below, in whose favor judgment was rendered, parties to the proceedings in error, plaintiffs or defendants. I do not think that the motion can be sustained on that ground. But I think that it must be sustained for his failure to make Boies, against whom the judgment was rendered, jointly with himself, a party, either plaintiff or defendant, in the proceedings in error.

The point was before the supreme court of Ohio in *Smetters v. Rainey*, 13 O. S., 568, and again S. C., 14 Id.,

287.    In that case the judgment was a joint one against all of the defendants, one only of whom sought to prosecute error without mentioning his co-defendants.    I quote from the syllabus of the case as last presented:

"All the defendants to a joint judgment are necessary parties to a petition filed by one of their number to reverse it, and may be made so as plaintiffs or defendants in conformity with the provisions of sections 34, 35, and 36 of the code as parties to civil actions."    Both the reason and authority of this case are confined to a case of a joint judgment against all of the defendants in the lower court.    So also of the case of *Fotterall v. Floyd*, 6 Sergt. & Rawle, 313, cited by counsel for the motion.    The point has been often presented to the supreme court of the United States, in the cases cited by counsel, and others.    In the case of *Simpson v. Greeley*, 20 Wall, 152, cited by counsel for the motion, Mr. Justice Clifford, in delivering the opinion of the court, said: "Cases arise beyond all doubt where only one of several defendants is affected by the judgment or decree, and it is well settled that in such cases the party whose interest only is affected by the alleged error may carry up the case without joining the others in the appeal or writ of error," citing *Forgay v. Conrad*, 6 How., 203. He continues: "Exceptional cases of the kind occasionally arise, but where the interest is joint and the interest of all is affected by the judgment, the rule is universal that all must join in the writ of error, else it is open to the other party to demand that it be dismissed unless a severance of the parties in interest has been effected by summons and severance, or by some equivalent action appearing in the record."

Following the rule laid down in these cases the motion must be sustained, for the omission to make Boies a party or show any reason for not doing so.

JUDGMENT ACCORDINGLY.

THE other judges concur.