JOHN CURTEN ET AL. V. MARIA ATKINSON.

[FILED MAY 20, 1890.]

1. **Error Proceedings:** JOINT JUDGMENT: PARTIES. All the defendants in a joint judgment are necessary parties to a petition filed by one of them to reverse it, and may be made so, as plaintiffs or defendants, in conformity to the provisions of sections 40, 41, and 42 of the Code, as to parties to civil actions.

2. ———: ———: ———: JURISD CTION. If all such defendants are not made parties to the petition, within one year from the rendition of judgment, the reviewing court has no such jurisdiction over the subject-matter as will authorize it to reverse or modify any part of it. (*Wolf v. Murphy,* 21 Neb., 472; *Hendrickson v. Sullivan* 28 Neb., 790; *Smetters v. Rainey* 14 O. St., 287; *Simpson v. Greeley,* 20 Wallace[U. S.], 152.

ERROR to the district court for Jefferson county. Tried below before MORRIS, J.

*Baker & Freeman,* and *Cassidy & Wolfe,* for plaintiffs in error.

*John Saxon,* and *W. O. Hambel, contra.*

COBB, CH. J.

This suit is brought on error from the county of Jefferson. The plaintiff in the court below alleged in her petition:

"That on the 12th day of April, 1888, Patrick H. Sheil applied to the commissioners of Jefferson county for a license to sell intoxicating liquors at the village of Daken, in Jefferson county, Nebraska, which license was granted, on condition that the said Sheil execute a bond to the state of Nebraska, as by law required, in the sum of $5,000 with two good and sufficient sureties; that thereupon, on said 12th day of April, the plaintiffs in error, Curten and Higgins, as such sureties, made, executed, and delivered to said board of commissioners a bond such as by law required, conditioned: If the said Patrick H. Sheil   *   *   *   does not violate any of the provisions of chap. 50 of the Compiled Statutes of Nebraska, 1887, or any acts amendatory thereto, and shall pay all damages, fines, penalties, and forfeitures which may be adjudged against him under the provisions of said chap. 50, and all the acts amendatory thereto, then this obligation to be null and void, otherwise to be and remain in full force, virtue, and effect; that thereupon said license was issued to said Patrick H. Sheil; that on the 4th day of October, 1888, said license, being in full force and effect, defendant in error was living with her husband, Samuel S. Atkinson, near said village of Daken aforesaid; that the family consisted of herself, her said husband, and two minor children, all of whom were depending on said Samuel S. Atkinson for maintenance; that upon the giving of said bond and obtaining said license the said Patrick H. Sheil began to traffic in intoxicating liquor at the village of Daken, and was so engaged on the said 4th day of October, 1888; that said Sheil, while so engaged in such traffic, did furnish to and for himself, large quantities of said liquor, and did drink the same and did cause and procure his (defendant's) servants, then and there in his employment

in and about said trafficking, to give and furnish to him large quantities of such liquors to drink, whereby said defendant became and was for a long time intoxicated, and so continued until said 4th day of October, 1888; that on said 4th day of October, 1888, said Sheil, being drunk and intoxicated from drinking his own liquor, which he furnished to himself, and while so drunk, as aforesaid, did make an assault upon said Samuel S. Atkinson with a revolver and did him, the said Samuel S. Atkinson, there and then shoot and kill, thereby depriving the plaintiff (the defendant in error) of her means of support, to her damage in the sum of $5,000; that by reason of the said wrongful acts of the said Sheil, the conditions of the said bond are broken and the defendants Sheil, Curten, and Higgins are jointly liable.

"Wherefore she prays judgment for $5,000."

To this petition the plaintiffs in error demurred, for the reason that the petition did not state facts sufficient to constitute a cause of action, which was overruled by the court and the defendants excepted.

The plaintiffs in error, John Curten and Michael Higgins, then filed their separate answer as follows:

"1st. They admit the execution of the bond as alleged.

"2d. They admit the granting of the license.

"3d. But deny each and every other allegation.

"4th. That they are not liable on their bond for the personal wrongs of Sheil, under chap. 50, Compiled Statutes of 1887.

"5th. That the bond was given to protect persons against the wrongs committed by parties to whom said Sheil sold or gave liquor, and not for wrongs committed by Sheil himself.

"6th. That there is a misjoinder of parties defendant; in this, Sheil is improperly joined with Curten and Higgins."

Upon these issues the parties proceeded to trial at the

April, A. D. 1889, term of the said district court of Jefferson county, and a judgment was rendered for the defendant in error, and against the plaintiffs in error, for $3,600 and costs.

A motion for a new trial being overruled, the plaintiffs in error bring the case to this court for a review of the questions presented to the court below, and alleging that there is error in the proceedings in the court below in this :

1. The damages are excessive, appearing to have been given under the influence of passion and prejudice.

2. There is error in the assessment of the amount of recovery, from the instructions and evidence, that the jury found that the loss of support to defendant in error by the death of her husband was $120 per annum for thirty years, as shown by the Carlisle tables, which is in excess of this basis, the present value of which should be found an amount which at legal interest would produce a sum equal to the annual loss of support.

3. The verdict is not sustained by sufficient evidence.

4. And is contrary to law.

5. Errors of law occurring at the trial and excepted to.

6. In giving instructions 1, 2, 3, 4, 4½, 5, 6, 7, 8, 9, of the court's own motion.

7. In refusing to give the 1st and 2d instructions asked by defendants in court below.

8. In excluding the testimony of Patrick H. Sheil, and the offered testimony to prove the partnership of Sheil and Lawrence Roach.

9. In admitting any testimony for the plaintiff in the court below, for the reason that the petition did not state a cause of action against the defendants Curten and Higgins.

10. In overruling the objection to the introduction of any testimony for the plaintiff in the court below, for like reason, and that the suit is not brought by the proper party.

11. In overruling the motion of defendants Curten and Higgins, to instruct the jury to bring in a verdict in their favor.

12. In overruling the motion of defendants in the court below to instruct the jury to bring in a verdict for them, for the reason that the action was not brought in the name of the proper party.

13. The court erred in overruling the motion for a new trial.

To the petition in error of the plaintiffs the defendant answered that they ought not to have their action in error against her because they were the sureties upon the license bond of Patrick H. Sheil, who is not joined with the plaintiffs in prosecuting their petition in error; that said bond was and is an obligation on the part of plaintiffs in error to be responsible for the results of litigation against Sheil, an obligation to pay all damages adjudged against him under the provisions of chap. 50, Comp. Stats. of Nebraska. And said Shiel having, without fraud or collusion, with defendant in error acquiesced in and submitted to said judgment, the plaintiffs cannot maintain their present action against her, but that said judgment is conclusive against them, and they ought not to be heard to question it in this court; that the several matters specified in plaintiffs' petition in error do not constitute error to their prejudice, or their legal rights as sureties upon the bond, after judgment thereon against their principal.

The action in the court below was a joint one against Sheil, Curten, and Higgins, defendants, who were all served with process, all answered, judgment was rendered against all, and all joined in a motion for a new trial.

The petition in error is brought by Curten and Higgins against Maria Atkinson, defendant in error alone. Sheil, the defendant in the court below, is not a party, either as plaintiff or defendant to this proceeding. This point, if necessary to be raised at all, is sufficiently raised by the

answer of the defendant in error to the petition; but it is not deemed necessary that it should be raised at all by the defendant in order to interpose an insurmountable objection to the examination of the case on its merits or its reversal in this court. I quote the sections of the Code of Civil Procedure governing the case.

"Sec. 40. All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this title.

"Sec. 41. Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.

"Sec. 42. Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

These provisions are identical with those of sections 34, 35, and 36 of the Code of Ohio, adopted July 1, 1853, (See Seney's Code, pp. 54, 56, 64.) These sections of the Ohio Code were construed by the supreme court of that state in 1863, in the case of *Smetters and Harris v. Rainey et al.*, 14 O. St., 287. In that case the action was brought in the court below against Harris, Jeffries, and Smetters, makers, and Dildine, indorser, of a promissory note. A judgment was rendered jointly against all the defendants. Shortly after judgment Smetters filed his separate petition in error against the plaintiffs Rainey and Julian, to reverse the judgment, without making Harris, Jeffries, and Dildine parties to the petition, or assigning any reason for the omission. The cause was reversed by the district court and carried to the supreme court. At the next term of the supreme court a motion was made by Rainey and Julian to dismiss the petition in error for want of necessary

parties. The motion was sustained unless the other parties to the judgment were made parties to the petition by an amendment, and were served with process within thirty days. The court, in granting leave to amend, expressly reserved to the defendants, after such service, the right to object that all the parties to the judgment had not been made parties to the petition to reverse it until more than three years had elapsed from the rendition of the judgment. The plaintiff in error, within the time limited, made all the other parties to the judgment parties to the petition by associating Harris with himself as plaintiff, and making Jeffries and Dildine, who declined to unite with him as plaintiff, defendants to the petition. Dildine, one of the newly made defendants, answered, alleging that more than three years had elapsed between the time the amendment was made and the recovery of the judgment, whereupon the defendants Rainey, Julian, and Dildine jointly and severally filed a motion to quash the petition for that cause. The court in the opinion says:

"The rule which prevailed prior to the enactment of the Code was, that all who were jointly bound by the judgment, if alive, must join in a proceeding to reverse it, and if some would not consent to join in it, there must be a summons and service before one of them could prosecute his several writs of error to reverse it. This was required for the triple purpose of preventing a multiplicity of suits, to the manifest hindrance of justice; of protecting the interests of those jointly bound with them in the judgment; and of securing the judgment creditor against measurable delay and expense in enforcing his judgment, where several defendants were jointly liable upon it. This rule of the common law seems, indeed, to be admitted by the counsel for the plaintiffs in error; but it is claimed that the Code has wrought a radical change in this respect, by abolishing writs of error and *certiorari* in civil cases and substituting a petition in error, without prescribing who should be

made parties to the petition, and evidently committing that question to the legal discretion of the court.

"It is quite true that there is no express provision in the Code designating who shall be made parties to such a petition, but we think that sections 34, 35, and 36, in relation to parties to civil actions, by analogy at least, determine who should be made parties to the proceeding, and control any legal discretion the court may be supposed to have. The provisions of these sections, applied to the petition in this case, indicate clearly that all the defendants in the judgment should be made parties in some form to the proceeding to reverse it. The judgment is an entirety. All are liable upon it, and each is *prima facie* liable to contribute to its discharge *inter sese*. The interest of each defendant there is, that the number of ultimate contributors to him should not be diminished, and he should therefore be a party to a proceeding to free a co-defendant from its obligation."

The motion was sustained and the petition in error dismissed.

It will be observed that under the provisions of the Ohio Code three years were allowed from the date of the rendition of a judgment in a lower court in which to remove the same to the supreme court on a petition in error (see sec. 523, p. 649); while the Code of this state provides, in sec. 592, that "no proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of," with exceptions not applicable to this case.

A similar instance arose in this court at the January term, 1887, in *Wolf v. Murphy*, 21 Neb., 472, in which, following that of *Smetters v. Rainey, supra,* it was held that "all the parties in a joint judgment are necessary parties to a petition filed by one of them to reverse it, and may be made so, as plaintiffs or defendants, in conformity to the

Curten v. Atkinson.

provisions of the Code as to parties to civil actions." That
case was originally brought in the district court of Seward
county by Murphy against Wolf, Boies, Barkley, Johns,
Vanderhoof, and Hurlburt, defendants, who appeared and
answered, and the court rendered judgment for the plaintiff
as against Wolf and Boies, but against the plaintiff as to
Barkley, Johns, Vanderhoof, and Hurlburt.

The defendant Wolf alone brought the action to this
court on error, no mention being made of either the other
defendants. The action was dismissed for the omission to
make Boies a party, or to show any reason for not doing so.

The same question arose again at the present term in
the case of *Hendrickson v. Sullivan* 28 Neb., 790. In
that case Christina E. Hendrickson sued Sullivan and
Allen Beeson in the court below in a joint action. On the
trial a verdict and judgment were rendered for the defend-
ants. The plaintiff brought the cause to this court. upon
a petition in error and caused a summons to be issued
against both defendants. This writ was served as to Sul-
livan, but not as to Beeson, who made no appearance in
this court. Sullivan moved to dismiss the petition for the
reasons :

1. No service of summons had been made on his co-
defendant.

2. More than one.year had elapsed since the rendition of
the judgment in the court below.

The motion was sustained and the cause dismissed.

A similar question has been considered by the supreme
court of the United States in the case of *Simpson v. Gree-
ley*, 20 Wallace, 152; I quote the syllabus, that "the doc-
trine settled in *Williams v. Bank*, 11 Wheaton, 414, and
declared in *Masterson v. Herndon*, 10 Wallace, 416, to be
'the established doctrine of the court'—that all the par-
ties against whom a joint judgment or decree is rendered
must join in the writ of error or appeal, or it will be dis-
missed, except sufficient cause for the non-joinder be shown
—be again adjudged."

It will be observed that in all of these cases there was a motion to dismiss for the want of parties. In this case there was no such motion, but as heretofore stated the point was sufficiently raised in the answer of the defendant to the petition in error. But it is deemed to be a question of right and power on the part of the court, and that though its attention had not been called to it in any manner by the defendant in error, it would nevertheless be its duty, upon discovering the omission of parties, to dismiss the petition in error, or at least to withhold judgment upon the merits of the errors presented; and, as to this point, I again quote from the opinion in the Smetters and Harris case :

"We have shown that the court must have the legal right and power to act upon the *entire judgment* and *all the parties to it* before they can reverse or modify it as to any of them. And it would seem to follow, as a logical sequence, that until all the parties to the joint judgment have been brought before the court in some form it acquires no legal power or authority to reverse or modify any part of it. There is a want of jurisdiction over the subject-matter.

"Either one of the defendants, feeling himself aggrieved by the judgment, had the undoubted right to have his liability under it reconsidered on error, by filing his petition in error, and making all the other parties to the judgment parties to the review of it, either as plaintiffs or defendants, at any time within three years from the rendition of the judgment, but not afterwards. It would seem that the reviewing court should have acquired complete jurisdiction over the subject, the entire judgment, before the limitation attaches. The plaintiff in error having failed to do this within the limitation, and exception being now made to the jurisdiction of the court over the subject-matter, it appears to us that the right of the debtor to have the judgment, in any respect, modified or reversed is lost; and that the power of the court to make such modification has never attached."

The conclusion is that when a judgment of a district court is brought before the supreme court for review and revision, all of the parties to the judgment must be brought before the supreme court within the time and in the manner prescribed by law, or a conclusive reason shown why it cannot be done, in order to give the supreme court power and jurisdiction to make its review or reversal.

The judgment in the case at bar was rendered April 10, 1889, and more than one year having elapsed without the filing of a petition in error to which all of the parties to the judgment are parties to this case, the petition in error is dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.