Spear, J.
(dissenting). The question is: did the circuit court err in overruling the motion to make John Shuman a- party, the statutory four months having passed, and in dismissing the proceeding?
Not being able to concur in the judgment of the majority it seems proper to offer some suggestions justifying the dissent. With due respect I am compelled to say that I regard the departure of the majority, and the judgment rendered, as against principle, against precedent, inconsistent, unnecessary, and unfortunate.
The case of Smetters v. Rainey, 14 Ohio St., 287, which is overruled by the judgment of the majority, announces in addition to the doctrine (not here doubted) that defendants in a joint judgment are necessary parties to a proceeding brought to reverse it, the further doctrine that if not made parties- *515 within the statutory time given for commencing proceedings in error, the reviewing court acquires no jurisdiction to review, and that if such judgment debtor is brought in after the statutory time, he may plead the statutory bar, and that will oust the jurisdiction of the reviewing court. The decision in this case was the work of Judges Ranney, Scott, Brinkerhoff, Peck and Wilder, making a court not exceeded as to learning or ability by any on this bench which preceded or has followed. Moreover the cause was argued pro and con by such lawyers as Judge Thurman and Mr. Hocking H. Hunter, and the result was reached after careful consideration, the case having been carried over from a preceding term of the court. The. judgment rests upon the fact that the error case is a new proceeding, and upon a recognition of that rule which is distinctly held in a later case (Burke v. Taylor, 45 Ohio St., 444), that r “Statutes authorizing proceedings in error should be strictly pursued.” That rule is in every sense a wise and just one. The complaining party has had a trial on the merits of the controversy, and he now seeks the aid of the statute to obtain a review, and, if possible, a reversal of the judgment against him. It surely is no hardship to insist that he should strictly pursue the path pointed out. This principle is recognized and enforced by severe application of the rules obtaining in this court from time immemorial with respect to the filing of the record, the printing, the filing and printing of briefs, and in a score of other ways familiar to the profession but not necessary to specially mention. This statute (6723), as now in force, gives the complaining party four months from the rendition of the judgment within which to commence his error proceeding, a time *516 amply sufficient, if improved, to accomplish that end. Something is claimed for this action that the failure to make John Shuman a party was “by mistake.” A careful inspection of the record fails to justify any such distinction if more is intended by it than that the failure was a plain, ordinary case of common negligence. No merit surely can attach to that condition in this court. Numberless cases are going to pieces just upon that ground all the time, and the shore is Strewn with the wrecks.
That the four months ’ limit is at least a statute of limitations is conceded. It would seem to follow from this that the party in whose favor a judgment is rendered has a vested right to be protected from further annoyance after the lapse of four months, if he has not been, within that time, brought into a reviewing court to contest anew. It is assumed, however, in the majority opinion that the sections of the statute which provide who may be joined as plaintiffs and defendants, and for amendments to .pleadings and the making of new parties (5005, -6, -7 and 5114), apply to error proceedings, and that section 4987 also applies, and taken with the other sections is controlling. Admitting that these sections have some application, what then? How do they control? Section 4987 provides that an action shall be deemed commenced as to each defendant at the date of the summons which is served on him or on a co-defendant who is united in interest with him. It is to be observed that the ordinary civil action and the error proceeding are in many respects unlike. The first is original; the second appellate. That is, it is not a right of action but is simply a right of appeal. The language of the statute (section 6723) regulating the time for the commencement of proceedings in error *517 is imperative. “No proceeding to reverse, vacate, or modify a judgment or final order shall he commenced unless within four months after the rendition of the judgment or the making of the final order complained of.” Jurisdiction as to the person is acquired by bringing the party into court. “A proceeding in error to reverse, vacate, or modify a judgment or final order is not commenced within the meaning of section 523 of the civil code [now 6723] unless the petition in error is filed, and appearance of defendants in error effected by service of summons or otherwise.” Bowen v. Bowen, 36 Ohio St., 312. Therefore, if the complaining party does not in some way commence his action within four months so as to bring the party into court, he fails. The insistence is that he does so bring the party in by obtaining service within the statutory time on one who is united in interest, that is, one who was united in interest in the controversy in the court below. But I maintain with confidence that section 4987 in no way aids that contention. Let us get the exact language of it. It is: “deemed commenced * * * as to each defendant, at the date of the summons which is served on him, or on a co-defendant * * * united in interest with him.” “A defendant.” Now the statute is treating of an original proceeding. Who, then, is “a defendant?” Manifestly, and it seems to me without question, he is one who is named in the petition in error as a defendant. It would work a reversal of all our legal ideas on the subject to think otherwise. Clearly,, then, this section does not aid the position of the majority in this case, for in no conceivable sense was John Shuman such defendant. He was not named in the petition in error as such, and the subsequent proceedings show *518 that the whole trouble of the plaintiffs in error arose out of that fact and out of the necessity, as their counsel saw it, of getting him in as such defendant by hook or by crook. It follows that the proceeding was not commenced within the meaning of the section quoted, as .to John Shuman, within the four months, and that he was in no wise affected by service on those who were named as defendants.
The limit of four months is described as at least a statute of limitations. I submit that it is much more than this. This limitation is a part of the right itself. Its observance is a condition to the assertion of that right, and hence a condition to the acquirement of jurisdiction by the court. The statute is a positive interdiction against the bringing ■of an error proceeding after the limit fixed, and. the holdings are abundant that a proceeding sought to be brought after the statutory limit will be ¡stricken from the docket for want of jurisdiction in the reviewing.court to entertain. But, taking either view of this matter, it is clear that, if we assume that ■sections 5005, 5006 and 5114 apply to error proceedings, and the construction sought to be given them in conjunction with section 4987 by the majority •opinion is to be entertained, then there is an apparent conflict between those sections and section 6723. In such view it becomes the duty of the court to endeavor to reconcile the sections. In meeting this ■duty I insist that full effect can be given sections 5005, 5006 and 5114 by confining their operation as to the making of new parties within the time limit. Should the plaintiff in error, through negligence or otherwise, omit from his petition the name of a party whom he desires to bring in, the court would have ample power, upon application within the time, *519 to allow an amendment and direct service, and this would be entirely consistent with the provisions of section 6723, and would not deprive the person not brought in within the time of his statutory right of limitation. The contrary construction is squarely in the face of section 6723, and does deprive the person of his protection under that statute. It may be added that no prejudice should arise in considering a statute of limitations, for it is now universally regarded as a statute of peace.
It is stated at the outset of this dissent that the conclusion of the majority is against principle. I desire here to illustrate that it is against our fundamental ideas of law. Let us suppose a not unnatural situation and one which did actually occur. Three or more persons are makers of a joint promissory note. Before the note matures all but one go out of the state and so remain until within a short time of the expiration of the fifteen years, when they return to the state. Learning of this, and supposing them responsible, the holder of the note brings suit but fails to make the resident maker a party, no matter for what reason only so that such maker was in no way responsible for the omission. Learning soon thereafter, but subsequent to the expiration of the fifteen years, that he was mistaken as to the responsibility of the other makers, the holder amends, making the resident maker a party, and causes service to be made upon him. Would a court, in such a situation, refuse to entertain the resident maker’s plea of the statute of limitations simply because service had been made upon co-obligors, parties united in interest, within the statutory time? or, on the ground that such action was “in furtherance of justice” as indicated in section 5114? Surely it would be a bold *520 or a very ignorant court who would so hold; and if such a holding were made and the case should reach this court I surmise it would stagger my brethren of the majority to affirm it. Treating the requirement as to time as a statute of limitation merely, I fail utterly to see any difference, in principle, between the supposed case and the case at bar.
It is insisted, however, that, whatever view should be taken of Shuman’s rights when in, the circuit court had the right, and the holding is that it was its duty, to allow an amendment to the petition by inserting the name of John Shuman, and then authorize service on him. But this ought not and could not avail. The court had no power to make any order except the very order it did make. It had acquired no jurisdiction of the cause. Besides, the act of bringing him in would only emphasize the condition that the plaintiff in error had failed to bring in the necessary parties in time. Shuman’s resistance to the motion showed fully that he intended to stand -on his rights with regard to the statutory limit, and that the allowance of the amendment as to him would be simply a vain thing. , In the language of Minshall, J., in The State v. McGregor, 44 Ohio St., 630: ‘£It is neither the policy nor the practice of courts to require the doing of a vain thing. ” Hence it was not error to overrule the motion, for had it been sustained and Shuman brought in, his plea upon any admissible theory of the ease, ought to have prevailed and the error proceeding ought to have been dismissed.
It is also hereinbefore stated that the conclusion of the majority is against precedent. On the other hand it is thought by the majority that previous *521 decisions of this court justify, if they do not compel, the overruling of Smetters v. Rainey, and a reversal of the judgment herein. Several of those decisions are cited. Attention may be given to a few of them as samples. In Robinson v. Orr, 16 Ohio St., 284, it is held that a proceeding in error is not deemed commenced upon the mere filing of a petition in error in the proper court, and that section 20 of the code furnishes the rule which, by analogy, determines when proceedings in error are to 'be deemed commenced. Section 20 is now section 4987, Revised Statutes. I have undertaken to show heretofore the proper construction of that section. This decision in no way aids the contention of the majority, but points in the opposite direction. The opinion is by Scott, J., concurred in by Day, White, Welch and Brinkerhoff. It refers approvingly to Smetters v. Rainey, and two of the judges participated and concurred in that decision. Bradford v. Andrews, 20 Ohio St., 208, involved the action of the trial court in the making of parties in a will contest. The court held that although only a part of the persons interested in the contest were made parties thereto within the statutory period of limitation, the right of action is saved as to all who are ultimately made parties. Welch, J., in the opinion, speaking for himself, says he is aware that Smetters v. Rainey conflicts with the doctrine announced, and he regarded it as a departure from well established principles, and one that should be overruled when a proper case should be presented, but that it was not identical with the case at bar, and need not be passed upon. The judge regarded the plaintiff’s action as a right of action guaranteed by constitutional provision, while the right of limitation generally meets with more or less *522 disfavor. I emphasize three points: 1. The judge was considering a constitutional right of action in a court of first instance; we are considering a right of appeal afforded only by statute, in a reviewing court. This distinction the learned judge fails to appreciate. In this connection he also falls into the apparent error of assuming that the statute of limitations was, as of old, a statute of presumptions, whereas, as we have seen, it is now a statute of repose. 2. No attempt was made by the court to overrule Smetters v. Rainey. 3. Two of the judges concurring (Brinkerhoff and Scott) united in the judgment in Smetters v. Rainey, and a third (Day) in Jones v. Marsh, 30 Ohio St., 20, quoted approvingly from Smetters v. Rainey. All of which shows that there was no understanding at that timé that the effect of the judgment was to overrule that case. Buckingham v. Bank, 21 Ohio St., 131, relied upon, also fails the plaintiff in error. The party sought to be brought in, the court held, was a party to the record at the commencement of the action. This opinion also is by Welsh, J. He takes much space to show that the party not served, although not named in the petition in error, was after all a party to the record, which would have been useless labor, if, in the judgment of the court, the service on one united in interest was sufficient to bring in the absent party irrespective of the fact of his being or not being a party to the record. Besides no reference to Smetters v. Rainey is made in the opinion, which is also concurred in by Judges Scott and Day. Other eases cited speak in the opinion disparagingly of Smetters v. Rainey, distinguish it, and limit it to the case made. This is all well described by the eminent counsel for defendant in error when he truthfully *523 and graphically says that the case has been, on some points growled at in obiter dicta, as to its application to particular eases, but has never been overruled. Railway Co. v. Bailey, 70 Ohio St., 88, cited in the majority opinion, has no possible application to the point in contest here.
The understanding of the bar as to the status of the case is well put in the recent admirable Citation Digest, by Mr. Gilbert H. Stewart, of the Columbus bar, as follows: “Smetters v. Rainey, 14 O. S., 287-291. All defendants in joint judgment necessary parties to proceeding in error. Approved, Robinson v. Orr, 16 O. S., 228; Hammond v. Hammond, 21 O. S., 627; Jones v. Marsh, 30 O. S., 23. Distinguished, King v. Bell, 36 O. S., 468. All joint judgment debtors are necessary parties to a petition in error. Followed, Kries v. Drott, 67 O. S., 516; Sohn v. Loan Co., 67 O. S., 516; Abair v. Bant, 3 C. C., 290; Burk v. Taylor, 45 O. S., 444. Cited, Lowenstein v. Rheinstrom, 8 N. P., 236. Necessary parties in error proceedings must be brought in within statutory period. Q., Bradford v. Andrews, 20 O. S., 220; 5 Am. Rep., 647. Approved, Jones v. Marsh, 30 O. S., 23. Distinguished, Secor v. Witter 39 O. S., 227, 229; Bever v. Beardmore, 40 O. S., 77. Q., Bank v. Green, 40 O. S., 438. Followed, Burke v. Taylor, 45 O. S., 444. Distinguished, Wangerien v. Aspell, 47 O. S., 255. Followed, Abair v. Bank, 3 C. C., 290-304; 2 Cir. D., 165; Werk v. Christie, 9 C. C., 444; 6 Cir. D., 255; Page v. McConville, 10 C. C., 321; 6 Cir.D., 631; Lumber Co. v. Marcy, 14 C. C. 613; 7 Cir. D., 444. Right to several judgment in joint action only affects end of action. Approved, Hempy v. Ransom, 33 O. S., 319. A joint defendant cannot alone prosecute error. Cited, Kries v. Drott, 21 C. *524 C., 790. Questions of practice are determined by code, when. Cited, Ry. Co. v. Bailey, 70 O. S., 90.
“Where Smetters v. Rainey is cited in foreign cases: 18 Fla., 158; 40 Fla., 152; 74 Am. St. Rep., 133; 20 Kan., 495; 21 Neb., 473; 28 Neb., 791; 29 Neb., 617, 619; 10 W. Va., 497; 5 Wyo., 421. ’ ’
It is my belief that tbe principal case has been followed in more cases than any other since I have been a member of the court. It is distinctly approved and followed in Burke v. Taylor, supra, a case presenting the precise question at issue here. But more to be emphasized is the report of- two cases in 67 Ohio St., 516. I quote: “Kries v. Drott et al. Error to the circuit court of Hamilton county. Judgment affirmed on authority of Smetters v. Rainey, 14 Ohio St., 287. Burlcet, C. J., Spear, Davis, Shauck, Price and Crew, JJ., concur.” “Sohn v. Bldg. S Loan Co., same volume and page. Error to the circuit court of Hamilton county. Judgment affirmed on authority of Smetters v. Rainey, 14 Ohio St., 287. Burlcet, C. J., Spear, Davis, Shauck, Price and Crew, JJ., concur.” May I add (using though reversing, the simile used by the present Chief Justice in State v. Yates, 66 Ohio St., 554), I would fain appeal from Phillip in his present condition to what I conceive to have been a more serious, not to say sober, condition at the time the above entitled cases were disposed of and the conclusions given to the public.
It must be apparent from what has preceded that the decision of the majority is inconsistent. It is also apparent that, in view of the previous holdings of the court, it is unnecessary, as the case at bar might well have been disposed of on the doctrine of stare decisis. To my mind, also, it seems very unfortunate. True, the doctrine of the principal case does *525 not involve a rule of property, but it does involve an important question of practice. Notwithstanding the growling to which reference has been made, the ease in the 45th State, supra, and the two cases in 67th State, supra, taken in connection with many unreported eases involving the same question, have given the bar and litigants to believe that Smetters v. Rainey was to stand. Eights have been determined upon it. No change in the policy of the state has occurred; no special inconvenience has resulted.from adherence to the doctrine of that case, and the effect of this decision is to unsettle that which before was understood to be definitely settled, and, it seems to me, without sufficient cause. How can a court expect others to have respect for its decisions when it so lightly overturns them itself? How can the bar or the public, in the light of this departure, rely with any certainty on the court’s declarations of law however repeatedly declared'? With what assurance can lawyers advise their clients?
For the foregoing and other cognate reasons, I think the judgment of the circuit court should be affirmed.
Prigs, J., concurs in this dissenting opinion.