WILLIAM W. KEEDY ET AL., APPELLANTS, V. LESTER H. REID, COUNTY SUPERINTENDENT OF SCHOOLS, GAGE COUNTY, NEBRASKA, ET AL., APPELLEES.

86 N. W. 2d 370

Filed November 29, 1957. No. 34273.

*Ernest A. Hubka,* for appellants.

*Philip M. Everson, Jr.,* and *William B. Rist,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from an order of the district court for Gage County dismissing a petition in error, the object and purpose of which was to reverse and set aside an order entered by the county superintendent of schools of Gage County, merging school district No. 161 with school district No. 114 under the provisions of section 79-402, R. S. Supp., 1955.

On January 16, 1957, the county superintendent of Gage County entered an order, after hearing, merging school district No. 161 with school district No. 114, both in Gage County, and fixing the new boundaries of school district No. 114 effective July 1, 1957. On February 14, 1957, appellants filed their petition in error in the district court in which Lester H. Reid, county superintendent of schools of Gage County, Nebraska, School District No. 161 of Gage County, Nebraska,

School District No. 114 of Gage County, Nebraska, Ralph Larsen, Eva Craig, and Mildred Anderson, were made parties as defendants in error. The last three defendants in error are alleged to have been the circulators of original petitions numbered 2, 3, and 4 as representatives of school district No. 161. Motions to dismiss were filed on the ground that there was a defect of parties defendant by failing to include necessary parties and by including parties neither proper nor necessary and having no legal interest in the issues raised. The trial court sustained the motions and dismissed the petition in error.

The determination of this case is generally controlled by this court's decision in Clausen v. School Dist. No. 33, 164 Neb. 78, 81 N. W. 2d 822, wherein it is said: "It becomes clear therefore that the petitioners in school districts Nos. 11 and 33 were the real parties in interest and necessary parties to a proceeding to review the action of the county superintendent in ordering the change of boundaries and consolidating the two districts with school district No. 37, and since it appears that they were not made parties and that service of summons was not had upon them, the motion to dismiss the petition in error was properly sustained." Since it affirmatively appears that the petitioners in school district No. 161 were the real parties in interest and not made parties defendant in the error proceeding, the order of the district court sustaining the motions to dismiss was correct.

It is urged by the appellants, however, that this is a class action within the purview of section 25-319, R. R. S. 1943, which provides: "When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." The amended petition asserts that the signers of the petitions in school district No. 161 have a common interest,

that they are very numerous, and that it would be impracticable to bring them all before the court. The record shows that there were 45 signers in school district No. 161 involved. We think this is a sufficient pleading of the facts to make section 25-319, R. R. S. 1943, applicable. The purpose of this section of the statute is to facilitate litigation, not to impede or prevent it. If one could not sue or defend in a representative capacity in a case such as we have before us, the service of process and the cost thereof could for all practicable purposes defeat an error proceeding. It is argued that in the Clausen case there were numerous signers involved and that this court required that each be made a party and served with summons in the error proceeding. Such was not the holding of this court. In that case no question of representative parties in a class action was involved. The holding of the court was, on this point, that the signers of the petitions were the real parties in interest and necessary parties to the error proceeding. The record in that case shows that the signers of the petitions were not made parties to the error proceeding by representation or otherwise and, consequently, a dismissal was in order. The Clausen case is not authority for the proposition with which we are now dealing in the present case. We hold that the signers of the petitions residing in school district No. 161 could have been made parties to the error proceeding in either of two ways,—by naming each as a party defendant in error and serving a summons upon each of them, or by serving summons upon one or more of the petitioners who are shown by proper allegations in the petition in error to be members of a class within the purview of section 25-319, R. R. S. 1943.

But even so, we think the trial court properly sustained the motions to dismiss. The proceeding to merge school district No. 161 with school district No. 114 was initiated under the provisions of section 79-402, R. S. Supp., 1955. Petitions were filed with the county

superintendent and notice of hearing on the petitions was given as required. The hearing was held pursuant to the notice, after which the county superintendent made the necessary findings and order merging school district No. 161 with school district No. 114, effective July 1, 1957.

We find no provision in Chapter 79, R. R. S. 1943, as amended, nor has one been cited to us, providing for the taking of an appeal or error proceeding from the order of the county superintendent made pursuant to section 79-402, R. S. Supp., 1955. Error proceedings from such order are therefore governed by section 25-1931, R. R. S. 1943, and must be commenced within 1 calendar month after the rendition of the order. The original petition in error was filed within the 1-month period of time fixed by the statute.

The petition in error alleged that defendant in error Ralph Larsen circulated the original petition, exhibit No. 2, and acquired the 16 signatures attached thereto. The petition in error then alleges that Larsen is a representative of school district No. 161 and representative for himself and all the 16 petitioners whose names appear on exhibit No. 2. It is not alleged that Larsen was a signer on exhibit No. 2, in fact he was not. Similar allegations are made concerning defendants in error Mildred Anderson and Eva Craig with respect to exhibits Nos. 3 and 4 containing 19 and 10 signatures respectively. Nowhere was it alleged that the signers of all the petitions in school district No. 161 were a class and that defendants in error Larsen, Anderson, and Craig, or any of them, were representatives of that class defending for and in behalf of all of them. The petition contained no allegation that the signers of petitions in school district No. 161 had a common or general interest in the action, that the parties were numerous, or that it was impracticable to bring them all before the court. The allegations of the petition in error did not, therefore, plead that Larsen, Anderson, and Craig were

representatives of all the 45 signers of petitions from school district No. 161. This is a fatal defect in a class suit. It evidences the fact that Larsen, Anderson, and Craig were made defendants in error in their capacity as circulators of the petitions and as agents or representatives of the persons signing the petitions which each circulated. This leads us to the conclusion that the real parties in interest, the same being all the signers of petitions in school district No. 161, were not made parties to or properly served with summons in the error proceeding.

The record shows that plaintiffs in error were granted leave to amend their petition in error on April 26, 1957. The amendment was made on the same date. It contained the necessary allegations that the signers of petitions for school district No. 161 were a class, that they had a common or general interest, that the parties were numerous, that it would be impracticable to bring all parties into court, and that the defendants in error Larsen, Anderson, and Craig represented all the signers of petitions in school district No. 161. No additional service of summons was had.

It will be noted that the amendment of the petition in error was made long after the 1-month period provided for the filing of a petition in error. The real parties in interest, all the signers of petitions in school district No. 161, did not purport to be made parties until long after the time for filing a petition in error had elapsed. There was no petition in error filed within 1 month against the real parties in interest. The failure to comply with the provisions of the statute requires a dismissal of the petition in error in accordance with the action taken by the trial court.

In a proceeding in error all necessary parties must be made parties to the proceeding. The failure to make all parties who may be affected by the modification or reversal of a judgment in a proceeding to review the cause by petition in error is ground for dismissal of the

petition. Clausen v. School Dist. No. 33, *supra*. In an error proceeding where the real parties in interest are not made parties to the proceeding before the time for filing a petition in error expires, and objection is timely made, the right to a review is lost, and the petition in error should be dismissed. Wolf v. Murphy, 21 Neb. 472, 32 N. W. 303; Curten v. Atkinson, 29 Neb. 612, 46 N. W. 91. It would appear by an opinion on rehearing in the last-cited case reported at 36 Neb. 110, 54 N. W. 131, that the court overruled its previous holding. A reading of the opinion will show that the court merely stated that the rule was inapplicable because of a waiver of the error by submitting the controversy on its merits without objection. There was no claim of waiver in the present case. See In re Estate of Fines, 139 Neb. 247, 297 N. W. 86, and the cases therein cited.

The order of the trial court dismissing the petition in error is affirmed.

AFFIRMED.