BLAINE FRANKFORTER ET AL., APPELLEES, V. GLENN E. TURNER, COUNTY SUPERINTENDENT OF SCHOOLS OF LANCASTER COUNTY, NEBRASKA, ET AL., APPELLANTS, IMPLEADED WITH DEWEY A. GANZEL, COUNTY SUPERINTENDENT OF SCHOOLS OF SALINE COUNTY, NEBRASKA, APPELLEE.
HAROLD BECK ET AL., APPELLEES, V. GLENN E. TURNER, COUNTY SUPERINTENDENT OF SCHOOLS OF LANCASTER COUNTY, NEBRASKA, ET AL., APPELLANTS, IMPLEADED WITH DEWEY A. GANZEL, COUNTY SUPERINTENDENT OF SCHOOLS OF SALINE COUNTY, NEBRASKA, APPELLEE.
EMIL L. VOKOUN ET AL., APPELLEES, V. GLENN E. TURNER, COUNTY SUPERINTENDENT OF SCHOOLS OF LANCASTER COUNTY, NEBRASKA, ET AL., APPELLANTS, IMPLEADED WITH DEWEY A. GANZEL, COUNTY SUPERINTENDENT OF SCHOOLS OF SALINE COUNTY, NEBRASKA, APPELLEE.

121 N. W. 2d 377

Filed April 26, 1963.   Nos. 35363, 35364, 35365.

Paul L. Douglas, William D. Blue, Floyd A. Sterns, William L. Walker, and Earl Ludlam, for appellants.

Muffly & Snyder and Gerald J. Hallstead, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

Here are three cases consolidated for the purpose of briefs and argument before this court.

The plaintiffs in error filed three petitions in the trial court, one in each case, and in this court filed a transcript and bill of exceptions in each case.

School districts Nos. 11, 72, and 158 of Lancaster County are Class I school districts as defined by the laws of Nebraska. The school district of the city of Crete in Saline County is a Class III school district, and is also known as school district No. 2 of Saline County, being the county which has the largest number of pupils residing in the proposed joint district.

The proceedings originate under section 79-402, R. S. Supp., 1961, as last amended, Laws 1959, c. 385, § 1, p. 1334, effective date September 28, 1959, providing that the county superintendent shall change the boundaries of existing school districts upon petitions signed by 55 percent of the legal voters of each district affected, and that territory may be annexed to a district from an adjoining county upon joint action by county committees as provided in sections 79-426.08 and 79-426.09, R. R. S. 1943.

The defendant in error Glenn E. Turner is the duly elected, qualified, and acting superintendent of schools of Lancaster County. Dewey A. Ganzel is the duly appointed, qualified, and acting superintendent of schools of Saline County.

The trial court found that it had jurisdiction of the parties and of the subject matter of the actions; that the error proceedings were timely filed and sufficient; that under the record there was no genuine issue of material fact; that the motions of the plaintiffs in error for summary judgment be sustained; that there was no proper, valid, and sufficient evidence before the county

superintendents upon which they could deny the petitions; that as may be applicable in the respective cases, legal voters of Class I school districts, within the time petitions were being held, could withdraw their names or could withdraw or revoke a withdrawal; that qualified legal voters of such districts may add their names to such petitions; that upon the original submission thereof and at the time of the superintendents' hearing to determine the validity and sufficiency valid signatures of at least 55 percent of the legal voters of such Class I school districts were contained in the respective petitions, and with the concurring petition of such Class III school district, had properly petitioned that the boundaries of their respective districts be changed; that the petitions were valid and sufficient; that annexation be decreed pursuant to the findings of superintendent Ganzel, by the joint action of said superintendents within 10 days or the order of the court stand in lieu thereof; and that costs be taxed against the defendants in error.

The trial court overruled the motions for summary judgment of the defendants in error.

For convenience we will refer to defendant in error Glenn E. Turner, county superintendent of schools of Lancaster County, as Turner, and to Dewey A. Ganzel, county superintendent of schools of Saline County, as Ganzel.

A motion for new trial was filed by defendant in error Turner to set aside the order sustaining motion for summary judgment of the plaintiffs in error and overruling the motion for summary judgment of the defendants in error upon the ground that the court erred in finding plaintiffs in error were entitled to judgment as a matter of law; and that the order of the trial court entered June 4, 1962, was contrary to law.

The defendant in error, Warren E. Williams, filed a motion to set aside and vacate the judgments rendered by the trial court on June 4, 1962, or for a rehearing, or in the alternative for a new trial, substantially in

accord with the motion for new trial filed by the defendant in error Turner, and in addition set forth that the trial court erred in finding and ordering that said petition in error and alleged transcript were filed within 30 days after the final order was entered by defendant in error Turner.

Motions for rehearing and in the alternative for a new trial, to the same effect as above mentioned, were filed by other defendants in error in the other two cases.

All of the above motions were overruled, and motions for supersedeas bonds and cost bonds were sustained and approved by the trial court.

Section 79-402, R. S. Supp., 1961, has been in substantially its present form since 1957. It sets out a comprehensive, orderly procedure for dissolving and annexing school districts by petition. First, the petitions with 55 percent of the legal voters of each district are submitted to the county committee. Second, within 40 days the county committee submits the petition or petitions to the state committee. Third, the state committee, after study and recommendation, returns the petitions to the county committee. Fourth, within 15 days the county committee advertises and holds a public hearing, which in the three cases here involved was held on October 3, 1961. Fifth, the county committee holds the petitions for 10 days at which time, October 13, 1961, in the cases involved here, the petitions are filed with the county superintendent or superintendents as the case may be. Sixth, the county superintendents then advertise and hold a hearing, which was held in these three cases on October 24, 1961.

A joint meeting of the Saline and Lancaster County School Reorganization Committee was held at the Saline County courthouse in Wilber, on August 30, 1961, wherein it was unanimously agreed that the petitions of the electors of the respective school districts be accepted and notice forwarded to the State Committee for Reorganization of School Districts, and that said petitions consti-

tuted a part of the Saline County comprehensive plan. The State Committee for Reorganization of School Districts, at a meeting held September 20, 1961, reviewed the petitions, voted approval of the same, and recommended that the county committee should proceed with the hearing and other requirements necessary to complete action on the petitions. On October 3, 1961, after the joint notice by chairmen of the Saline and Lancaster County school reorganization committees published September 28, 1961, hearing was held at the courthouse at Wilber, Saline County, at which time the recommendations of the state committee were presented to the legal voters of the respective school districts.

In the three cases, after notice had been published on October 19, 1961, in the Crete News, a newspaper of general circulation located in Crete, Saline County, Ganzel and Turner met multilaterally on October 24, 1961, and held a public hearing at the courthouse in Saline County to determine the validity and sufficiency of the petitions that had been filed with the respective superintendents by school districts Nos. 11, 72, and 158, to dissolve and annex the respective areas of each of said school districts to school district No. 2 of Saline County in the city of Crete.

On October 27, 1961, Turner rendered a decision on the validity and sufficiency of the petitions to dissolve school districts Nos. 11, 72, and 158 of Lancaster County and annex the same to school district No. 2, school district of the city of Crete, Saline County. After examination of the petitions and the circumstances pertinent thereto, it was his opinion that the petition of school district No. 158 was insufficient, and that the petitions of school districts Nos. 11 and 72 were not valid due to misrepresentations made in procuring signatures. As a result thereof, no order would be signed by him dissolving school districts Nos. 11, 72, and 158.

On October 27, 1961, Turner wrote a letter to Ganzel stating that he was not signing an order for the dis-

solution of any or all of school districts Nos. 11, 72, and 158.

On January 10, 1962, Ganzel rendered an order affecting changes of school district boundaries wherein he found and determined that upon properly filed and validly executed petitions therefor, pursuant to section 79-402, R. S. Supp., 1959, school districts Nos. 11, 72, and 158, Class I school districts of Lancaster County, be dissolved and annexed to school district No. 2, city of Crete, Saline County.

On January 10, 1962, Ganzel wrote a letter to Turner informing him of his decision that the petitions were valid, and that the boundaries of school districts Nos. 11, 72, and 158 should be changed and the annexation to school district No. 2 of Saline County should be made, and requesting that Turner concur in his, Ganzel's, order. There is nothing to show or indicate that Turner concurred in Ganzel's order.

The appellants predicate error as follows: That the trial court's judgment is contrary to law; and that the trial court erred in failing to find that the plaintiffs' petitions in error were not timely filed.

With reference to jurisdiction, the original jurisdiction of the proceedings in the case at bar was in Saline County, where the board or tribunal, composed of two county superintendents acting multilaterally in a quasi judicial capacity, met, held a hearing on the merits, and were required to adjudicate the issues.

It is axiomatic that error proceedings from judgments rendered or final orders made by such board or tribunal as that at bar, should be taken to the district court for the county in which the board or tribunal as such had its jurisdictional forum, where the hearing was held, and its judicial functions were performed. See School Dist. No. 49 v. Kreidler, 165 Neb. 761, 87 N. W. 2d 429.

Section 25-1901, R. R. S. 1943, provides in part: "A judgment rendered, or final order made, by a * * * tribunal, board or officer exercising judicial functions,

and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

Section 25-1902, R. R. S. 1943, defines a final order as: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter."

Section 25-1903, R. R. S. 1943, provides in part: "The proceedings to obtain such reversal, vacation or modification shall be by petition entitled 'petition in error,' filed in a court having power to make such reversal, vacation or modification, setting forth the errors complained of, and thereupon a summons shall issue and be served, * * * as in the commencement of an action."

Section 25-1931, R. R. S. 1943, provides in part: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one calendar month after the rendition of the judgment or making of the final order complained of; * * *."

When the time for filing a petition in error expires and objection is timely made, the right to a review is lost and the petition in error should be dismissed. See Keedy v. Reid, 165 Neb. 519, 86 N. W. 2d 370.

On October 27, 1961, as heretofore mentioned, Turner rendered his order wherein he refused to sustain the validity of the petitions of the legal voters who signed the same in school districts Nos. 11, 72, and 158, primarily on the basis that such petitions were insufficient to justify dissolution of said school districts and the annexation of the same to school district No. 2 in the city of Crete, Saline County. Over 2 months after the date of October 27, 1961, Ganzel rendered his order finding the petitions of the legal voters who signed such petitions of school districts Nos. 11, 72, and 158, to be sufficient and valid, and rendered an order that said districts

be dissolved and annexed to school district No. 2 in the city of Crete, Saline County.

Plaintiffs in error filed their three petitions in error in the three cases in the district court for Saline County on February 8, 1962. It will be noted that the petitions in error were filed after the 1-month period provided for filing petitions in error. See § 25-1931, R. R. S. 1943.

For all purposes, the order rendered by Turner terminated the proceeding and was a final, appealable order to this court. To permit one county superintendent to withhold his decision for 2 months or more would clearly indicate that any superintendent of schools in the same situation might hold or retain his decision perhaps 6 months, or for an indefinite period. The law does not permit of such acts on the part of county superintendents. The following are applicable.

In Harms v. County Board of Supervisors, 173 Neb. 687, 114 N. W. 2d 713, this court held: "In proceedings under section 25-1901, R. R. S. 1943, it is mandatory that a petition in error and the transcript be properly authenticated and timely filed to vest the appellate court with jurisdiction of the subject matter." The court said, quoting from Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49: "'An appellate court may not consider or decide a case within its appellate jurisdiction unless its authority to act is invoked in the manner prescribed by law.

"'If a district court was without jurisdiction of the subject matter of litigation, this court does not acquire jurisdiction thereof by an appeal to it from a final order of the district court therein.' * * * Furthermore, it is not possible to consider them as proceedings in error as neither the petition nor the transcript in either case was filed in district court within 1 month of the decision of the county board of supervisors as required by section 25-1931, R. R. S. 1943. Keedy v. Reid, 165 Neb. 519, 86 N. W. 2d 370; * * *."

Keedy v. Reid, *supra*, was an appeal from an order

of the district court for Gage County dismissing a petition in error, the object and purpose of which was to reverse and set aside an order entered by the county superintendent of schools of Gage County merging school district No. 161 with school district No. 114 under the provisions of section 79-402, R. S. Supp., 1955. This court said that error proceedings from such an order are governed by section 25-1931, R. R. S. 1943, and must be commenced within 1 month after the rendition of the order; that the amendment of the petition in error was made long after the 1-month period provided for the filing of a petition in error; that no petition in error was filed within 1 month against the real parties in interest; and that the failure to comply with the provisions of the statute required a dismissal of the petition in error in accordance with the action taken by the trial court.

Other matters are raised by the appellants which we deem unnecessary to determine.

For the reasons heretofore set forth in this opinion, we conclude that the judgment of the trial court should be reversed and the cause remanded with directions to dismiss the petitions in error. All costs are taxed to appellees.

REVERSED AND REMANDED WITH DIRECTIONS.