WILLARD I. FRIEDMAN ET AL., APPELLANTS, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

157 N. W. 2d 855

Filed April 5, 1968. No. 36738.

Jacob J. Friedman and John J. Powers, for appellants.

Clarence A. H. Meyer, Attorney General. Harold S. Salter, Warren D. Lichty, Jr., and Thomas H. Dorwart, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a condemnation action. On January 25, 1965, a condemnation award was filed by appraisers in county court. Under section 76-715, R. R. S. 1943, the time for plaintiffs to file notice of appeal to the district court expired on February 24, 1965, and the last day for commencing error proceedings in the district court under sections 25-1901 and 25-1931, R. R. S. 1943, was February 25, 1965. Plaintiffs filed notice of appeal and appeal bond on *April 6, 1965*, and a "Petition in Error and on Appeal" on *April 9, 1965*. On motion, the district court dismissed the case on the grounds that it lacked jurisdiction. We affirm the judgment of the district court.

Either as an error proceeding or as an appeal the district court lacked jurisdiction. It is mandatory and jurisdictional, under section 25-1901, R. R. S. 1943, that a petition in error be filed in the appellate court and a properly authenticated transcript be filed within 1 calendar month after the rendition of the judgment or final order. §§ 25-1901, 25-1905, and 25-1931, R. R. S. 1943; Brown v. City of Omaha, 179 Neb. 224, 137 N. W. 2d 814; Adams v. City of Omaha, 179 Neb. 684, 139 N. W. 2d 885; Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49; Frankforter v. Turner, 175 Neb. 252, 121 N. W. 2d 377; Longe v. County of Wayne, 175 Neb. 245, 121 N. W. 2d 196; Harms v. County Board of Supervisors, 173 Neb. 687, 114 N. W. 2d 713; Keedy v. Reid, 165 Neb. 519, 86 N. W. 2d 370.

The statute on appeal, section 76-715, R. R. S. 1943, provides in part: "Such appeal shall be taken by filing a

notice of appeal with the county judge within thirty days from the date of filing of the report of appraisers as provided in section 76-710." It is mandatory and jurisdictional that notice of appeal be filed within the time required by statute. When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly. An appellate court may not consider a case as within its jurisdiction unless its authority to act is invoked in the manner prescribed by law. Brown v. City of Omaha, *supra;* Morrill County v. Bliss, 125 Neb. 97, 249 N. W. 98, 89 A. L. R. 932; Ricketts v. Continental Nat. Bank, 169 Neb. 809, 101 N. W. 2d 153; McDonald v. Rentfrow, 171 Neb. 479, 106 N. W. 2d 682; Campbell v. Campbell, 168 Neb. 533, 96 N. W. 2d 417. It follows that there is no merit to appellants' contentions.

Appellants' argument, in effect, asks us, in a constitutional context, to reexamine these holdings. The above holdings, construing and upholding the various statutes involved, are the fundamental procedural law of this state, necessary to establish certainty and eliminate confusion in the judicial process, and we adhere to them.

In a quite elusive argument, appellants attack the constitutionality of certain appeal provisions of our eminent domain act as being a violation of due process. The appeal provisions are valid and the notice and appeal provisions provide procedural due process. May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448; Weiner v. State, 179 Neb. 297, 137 N. W. 2d 852; Webber v. City of Scottsbluff, 155 Neb. 48, 50 N. W. 2d 533; Moser v. Turner, 180 Neb. 635, 144 N. W. 2d 192.

The judgment of the district court dismissing the appeal from county court and reinstating the award of the appraisers is correct and is affirmed.

AFFIRMED.