SCHOOL DISTRICT No. 49 OF MERRICK COUNTY, NEBRASKA,
ET AL., APPELLEES, V. JESSIE G. KREIDLER, COUNTY
SUPERINTENDENT OF SCHOOLS OF NANCE COUNTY,
NEBRASKA, ET AL., APPELLANTS, IMPLEADED WITH
LENA DEININGER, COUNTY SUPERINTENDENT OF
SCHOOLS OF HOWARD COUNTY, NEBRASKA,
ET AL., APPELLEES.
87 N. W. 2d 429

Filed January 10, 1958. No. 34276.

*Brower & Brower,* for appellants.

*Sampson & Armatys,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

This case involves the validity of proceedings under section 79-402, R. S. Supp., 1955, to enlarge the boundaries of Class II school district No. 49 of the village of Palmer in Merrick County by annexing and attaching thereto all of the territory then within the boundaries of certain hereinafter enumerated Class I school districts of Merrick, Howard, and Nance counties.

The record discloses, and it is conceded, that district 49, in accord with official action of its board of education, filed duly certified petitions on April 11, 1956, with the county superintendents of each of said counties, seeking thereby to have them take such joint and concurrent action as required by law to change the boundaries of district 49 to include therein all of the territory then contained within the boundaries of the fol-

lowing constituted and enumerated school districts of their respective counties, to wit: Districts Nos. 31, 36, 47, 58, and 63 of Merrick County; districts Nos. 4, 60, and 61 of Nance County; joint district Nos. 52 of Merrick County, 69 of Nance County, and 80 of Howard County; joint district Nos. 60 of Merrick County and 51 of Nance County; and joint district Nos. 53 of Merrick County and 77 of Howard County. The petitions of district 49 also provided: "PROVIDED, HOWEVER, that this petition is on the condition that sufficient other school district file similar petitions to bring into said School District No. 49 sufficient territory and personal property to make the total valuation of all property subject to taxation in such enlarged School District No. 49 at the time of enlargement exceed Three Million Dollars.

"PROVIDED, FURTHER, that this petition is on condition that the present School District No. 49, and any other district presenting a similar petition at the same time, shall continue to be solely liable for any bonded indebtedness which may exist against said district at the time of such proposed annexation."

On the same date, each of the aforesaid Class I enumerated districts so filed separate duly certified petitions, identical in form and substance, and containing identical conditions as quoted aforesaid. Each of such petitions was purportedly signed by 55 percent or more of the legal voters in each such district, who therein petitioned the three county superintendents aforesaid to change the boundaries of district 49 of Merrick County by annexing and attaching all the territory within the boundaries of each of their respective districts to said district 49. Thereafter, the three county superintendents, acting multilaterally, fixed the time and place for public hearing upon such petitions as 1:30 p. m., Monday, May 7, 1956, in the district courtroom at the courthouse in Central City, Merrick County, and notice of such hearing was duly published in each county under the name

and by authority of the three county superintendents. At the time and place so authorized and noticed, a multilateral public hearing, with the county superintendent of Merrick County presiding, was held by the three county superintendents upon the separate petitions, whereat each was read and explained, and each and every person, some of whom as objectors were represented by counsel, was granted the right to challenge the accuracy of the filed sworn list of legal voters as the same appeared on each petition, the genuineness of the signatures thereon, their right as legal voters to sign each petition, and the validity thereof as to form and substance. It was also stipulated that the petitions should all be considered as in evidence, and evidence was adduced with relation to the correct number of legal voters in district 58 of Merrick County and the validity of certain signatures appearing upon its petition, which purportedly was signed by 55.5 percent of its legal voters.

Also, evidence was adduced upon the total valuation of all property subject to taxation in such enlarged district 49 during 1955 and 1956, in order to determine whether or not it exceeded three million dollars as required by the first condition contained in all petitions. In that connection, on May 7, 1956, all of the 1956 valuation figures were not yet available, so by agreement of all parties at the hearing, it was continued until 10 a. m., July 9, 1956, to then be resumed at the same place. At that time and place additional evidence was adduced, whereupon the merits were argued by counsel for the parties and taken under advisement.

Thereafter, on July 12, 1956, the county superintendent of Nance County signed and filed an opinion and decision in the office of each of the county superintendents, which denied any relief sought by the petitions for substantially the following reasons: (1) That the 1956 valuation of all property subject to taxation in district 49 at the time of enlargement was less than three mil-

lion dollars, because intangible property should not be included in such valuation, thus the first condition in the petitions could not be complied with; (2) that Dallas Wegner and LaNelle Wegner, who signed the petition of district 58, were not legal voters in such district, but that Mary Garrett, who was a legal voter in that district, did not sign the petition and was not included in the filed sworn list of legal voters; therefore, in either event the petition of district 58 was insufficient because it was signed by less than 55 percent of the legal voters of that district; and (3) that her opinion and decision also disapproved the merger for other reasons based entirely upon her own purported unilateral information, which reasons were either not supported by any competent evidence or were entirely immaterial. To repeat them here would serve no purpose.

Thereafter, on July 20, 1956, the county superintendents of Merrick and Howard counties signed and filed an order of annexation in the offices of each of the three county superintendents, which order the county superintendent of Nance County had refused to sign. That order found and adjudged substantially as follows: (1) That district 49 of Merrick County, through its board of education, had validly petitioned the three county superintendents acting jointly and concurrently, to change its boundaries by annexing to and including within its boundaries all of the territory contained within the boundaries of each and all the districts heretofore enumerated; (2) that each of such enumerated districts, in separate petitions signed by 55 percent or more of its legal voters, had also validly petitioned the county superintendents to change the boundaries of district 49 by annexing and attaching all territory within the boundaries of each of said districts to district 49; and (3) that each and all of the petitions contained two identical conditions heretofore recited, which were complied with. In that connection, their order found that the 1955 valuation should be considered in determining

whether or not the first condition had been met, but that in both 1955 and 1956 the total valuation of all property subject to taxation in enlarged district 49 exceeded three million dollars. With regard to district 58, their order found that such district had 36 legal voters, and its petition had been validly signed by 20 of them, or 55.5 percent of its legal voters. Also, their order found that Mary Garrett was not a legal voter in district 58, but that Dallas Wegner and LaNelle Wegner were legal voters therein. Such order of annexation then ordered and directed that the boundaries of district 49 should be enlarged to include therein all of the territory within the boundaries of each and all of the enumerated districts.

From such proceeding had before the three county superintendents, and the opinion and decision of the superintendent of Nance County, districts 49, 31, 36, and 63 of Merrick County; joint district 52 of Merrick County, 80 of Howard County, and 69 of Nance County; joint district 53 of Merrick County and 77 of Howard County; district 61 of Nance County; and Dallas Wegner and LaNelle Wegner prosecuted error to the district court for Merrick County, making all three county superintendents, all other enumerated districts, Everett Forbes, Charles Green, William Green, Merton Weller, William Blauhorn, and Mary Garrett defendants in error. Errors specifically assigned in the petition in error related primarily to the July 12, 1956, opinion and decision of the county superintendent of Nance County heretofore set forth, and her alleged refusal to act multilaterally in a judicial capacity as required by the evidence and law. A true and correct transcript of all filings and orders involved in the proceeding before the three county superintendents in Merrick County and duly authenticated by the county superintendent of that county was attached to and made a part of the petition in error, which prayed for an order enlarging the boundaries of district 49 by annexing and attaching thereto all territory embraced within the boundaries of each and all of the enumerated

districts, in conformity with the petitions therefor. Summons in error were duly issued and served upon all defendants in error, except the county superintendents of Merrick and Howard counties, who entered their voluntary appearances.

Thereafter, the county superintendent of Nance County, district 4 of Nance County, joint district 51 of Nance County and 60 of Merrick County, Everett Forbes, Charles Green, William Green, and Merton Weller filed a special appearance for themselves alone, upon the ground that the district court for Merrick County was without jurisdiction because error should have been prosecuted in the district court for Nance County. That special appearance was overruled, whereupon such defendants in error filed an answer reserving their special appearance and alleging substantially: (1) That the petitions filed by each of the enumerated districts were insufficient because they failed to specify the particular boundaries with which they intended to unite; and (2) that the transcript filed by plaintiffs in error was insufficient because it contained only a transcript of the files and orders in the office of the county superintendent of Merrick County and was authenticated only by her, when it should have also contained the files and orders in the offices of the county superintendents of all three counties and been authenticated by all such superintendents. The answer also denied that Dallas Wegner and LaNelle Wegner were legal voters of district 58 when they signed its petition. It then alleged that the valuation conditions contained in the petitions had not been met because the 1956 valuation was controlling and, without including intangibles, as was intended, such valuation did not exceed three million dollars. They also alleged that the county superintendents of Merrick and Howard counties erred in refusing to admit certain evidence, and they prayed for dismissal and a denial of consolidation.

A complete bill of exceptions, duly prepared, served,

settled, allowed, and certified by the county superintendent of Merrick County, which concededly contained all of the proceedings in and all the material, relevant evidence adduced at the hearing before the three county superintendents, was duly filed in the district court, and thereafter offered and received in evidence at the hearing upon the merits in that court. It is now the duly served, settled, allowed, and certified bill of exceptions in this court. In that connection, an error proceeding in the district court and in this court on appeal therefrom is ordinarily tried on the appropriate and relevant questions of law set out in the petition in error and appearing in the transcript. However, in such proceedings, error may be predicated on sufficiency or insufficiency of the evidence as a matter of law to affirm or reverse the findings and judgment of the court or tribunal from which error was prosecuted if all of the material, relevant evidence is properly presented in a bill of exceptions. Olsen v. Grosshans, 160 Neb. 543, 71 N. W. 2d 90.

After such hearing in the district court, a judgment was rendered, which affirmed the order of annexation signed and filed on July 20, 1956, by the county superintendents of Merrick and Howard counties; and reversed and vacated the opinion and decision theretofore made and filed on July 12, 1956, by the county superintendent of Nance County. It ordered annexation of all territory within the boundaries of each and all of the enumerated districts to district 49 so as to enlarge its boundaries as sought in each and all of the petitions. It also ordered the clerk of the district court of Merrick County to certify the judgment to each of the three county superintendents to be entered in their records. Costs were taxed to the defendants in error.

Thereafter, the motion of the answering defendants in error for new trial was overruled, and they appealed to this court, assigning and arguing substantially that the trial court erred as follows: (1) In overruling their

special appearance and concluding that the transcript filed by plaintiffs in error was sufficient; (2) in concluding that the petitions involved were sufficient in form, substance, and signatures; (3) in concluding that intangibles should be included in ascertaining whether or not the valuation of all property subject to taxation in enlarged district 49 exceeded three million dollars; (4) in excluding certain evidence; and (5) that the judgment was not sustained by the evidence and was contrary to law. We do not sustain the assignments.

The factual situation disclosed by the record has been heretofore generally set forth, so we will not more specifically refer to it except when necessary to clarify the disposition of certain assignments of error.

The primary statute involved is section 79-402, R. S. Supp., 1955, which provides in part: "The county superintendent shall create a new district from other districts, or change the boundaries of any district upon petitions signed by fifty-five per cent of the legal voters of each district affected. * * * Provided, changes affecting * * * villages * * * may be made upon the petition of the school board or the board of education of the district or districts affected. * * * Territory may be annexed to a district from an adjoining county when approved by the county superintendent of each of the counties involved. A newly enlarged district shall assume any indebtedness previously incurred by any one or more districts annexed, unless otherwise specified in the petitions."

The first assignment of error questions the jurisdiction of the district court for Merrick County over the subject matter. In that connection, appellants argued that only the district court for Nance County had jurisdiction of the proceedings in error because the opinion and decision of the county superintendent of Nance County was the one primarily subject to attack. We do not agree. Neither party cited any statute or authority directly decisive of the question in this juris-

diction. Appellants relied upon Bloomquist v. County of Washington, 101 Minn. 163, 112 N. W. 253, but that opinion is distinguished by virtue of the following language used therein: "The legislature attempted to provide for those instances where the inhabitants would be more conveniently and economically accommodated with school facilities by making new districts out of old ones, even though the new districts were formed out of districts lying in different counties. The legislature also endeavored to provide for a review by the district court of the action of boards of county commissioners. To accomplish that purpose in the simplest way it enacted that the action of any board of commissioners might be reviewed by appealing to the district court of any county in which was situated any part of a proposed district, and that any petitioner, voter, or freeholder in any part of any district so affected, might take the appeal." We have no such statute in this jurisdiction.

The original jurisdiction of the proceeding at bar was in Merrick County, where the board or tribunal, composed of three county superintendents acting multilaterally in a judicial capacity, met, held a hearing on the merits, and were required to adjudicate the issues. In Olsen v. Grosshans, *supra*, and School Dist. No. 65 v. McQuiston, 163 Neb. 246, 79 N. W. 2d 413, the question of jurisdiction was not directly raised, but it was rightly assumed that error should be prosecuted to the district court for the county where such a multilateral hearing was held and the decision was made, as required.

Section 25-1901, R. R. S. 1943, provides in part: "A judgment rendered, or final order made, by a * * * tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court." Also, section 25-1903, R. R. S. 1943, provides in part: "The proceedings to obtain such reversal, vacation or modification shall be by petition entitled 'petition in

error,' filed in a court having power to make such reversal, vacation or modification, setting forth the errors complained of, and thereupon a summons shall issue and be served * * * as in the commencement of an action."

It is axiomatic that error proceedings from judgments rendered or final orders made by such board or tribunal as that at bar, should be taken to the district court for the county in which the board or tribunal as such had its jurisdictional forum, where the hearing was held, and its judicial functions were performed.

It is generally elementary that: "Jurisdiction does not relate to the right of the parties as between each other, but to the power of the court." 14 Am. Jur., Courts, § 161, p. 364. In that connection, appellants would have us hold, contrary to Olsen v. Grosshans, *supra*, that the county superintendent of Nance County had the power and authority to act unilaterally in Nance County. We conclude that the district court for Merrick County had exclusive jurisdiction of the subject matter involved herein.

Appellants also argued that the transcript, which was duly authenticated by the county superintendent of Merrick County, and was attached to and made a part of the petition in error filed in the district court, was insufficient because it was authenticated by only the county superintendent of Merrick County and contained only all the filings and orders made in the office of the county superintendent of Merrick County, and did not contain also the filings and orders made in Howard and Nance counties authenticated by the county superintendents thereof. Concededly, the transcript correctly reflected the entire record of the filings and orders in the proceeding. The contention has no merit.

In that connection, section 25-1905, R. R. S. 1943, provides in part: "The plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified." Also, section 25-1906, R. R. S.

1943, provides in part: "Judges of county courts, justices of the peace and other judicial tribunals having no clerk * * * shall, upon request and being paid the lawful fees therefor, furnish an authenticated transcript of the proceedings, containing the judgment or final order of said courts, to either of the parties to the same, or to any person interested in procuring such transcript."

The identical filings and orders made in the office of the county superintendents of Howard and Nance counties simply perfected and protected the records of their respective offices. The inclusion of such filings and orders in the transcript would simply have resulted in a useless, expensive triplication of identical filings and orders, which no statute or authority cited or found has required. Also, it is not required that all three county superintendents shall authenticate the transcript. We conclude that it was perfectly proper for the presiding county superintendent of the jurisdictional forum in Merrick County to authenticate the transcript. The first assignment of error has no merit.

With regard to the second assignment of error, appellants argued, without citing any authority except section 79-402, R. S. Supp., 1955, that the petitions, except the one filed by district 49, were insufficient for want of any specifically-defined boundaries set forth therein. The contention has no merit. Such statute simply provides that the county superintendent or superintendents "shall create a new district from other districts, or change the boundaries of any district upon petitions signed by fifty-five percent of the legal voters of each district affected." It contains no provisions against such petitions containing conditions or provisos if they concur substantially in the identical action requested, as was done in the case at bar. Olsen v. Grosshans, *supra*. As a matter of fact, the second identical condition or proviso contained in the petitions here involved is specifically authorized by the very statute relied upon by appellants.

In that connection, as stated in State ex rel. Larson v. Morrison, 155 Neb. 309, 51 N. W. 2d 626, quoting with approval from Cowles v. School District No. 6, 23 Neb. 655, 37 N. W. 493: " 'These provisions are mandatory, and may, I think, be classed as jurisdictional. * * * The laws of this state, as well by policy as by letter, have left the control of the boundaries of school districts, primarily, with the legal voters of each district respectively. * * * After the first or original organization of a new county into one or more school districts, no new district can be formed, old one altered, or the boundaries of any altered, without the movement therefor originating with the legal voters thereof, and their will to that effect being expressed by petition of the strength prescribed by statute. These are matters with which the school district, as a corporation, or quasi corporation, has been vested with neither power nor duty, nor has any district officer, board, or school meeting; but they rest with the voters in their capacity of petitioners, and with them alone.' "

In the case at bar, district 49, by official action of its board of education, filed its petition to change its boundaries to include within it all territory contained within the boundaries of each and all the several named and enumerated districts and at the same time each and all of such districts filed separate petitions, identical in form and substance, to change the boundaries of district 49 by annexing and attaching all of the territory within the boundaries of each such districts to district 49. No one was or could have been mislead by the form and language of such petitions, and it is not shown by the record that the rights of any one were abrogated thereby. To hold otherwise would deny the legal voters of the districts involved their clearly expressed desires to become a part of district 49, and would place an insurmountable technical obstacle in the progressive creation of new districts from other districts and the chang-

ing of boundaries of districts under plain statutes duly enacted for such purposes.

Appellants also argued that the petition of district 58 was insufficient for want of the signatures of 55 percent or more of the legal voters of that district. Such petition appeared to have been signed by 55.5 percent of its filed sworn list of legal voters. In that connection, appellants argued that such petition was not sufficient because Dallas Wegner and LaNelle Wegner, who were listed as legal voters and signed that petition, were not then legal voters in district 58, and that in any event Mary Garrett was a legal voter who was not listed as such and did not sign the petition. With regard to Mary Garrett, it is sufficient for us to say the record conclusively establishes that she was not a qualified legal voter of district 58 at the time involved. Any contention otherwise was simply an afterthought, without merit.

With regard to Dallas Wegner and LaNelle Wegner, husband and wife, the record discloses that they were tenants on a farm owned in fee simple by one Minnie A. Wegner. Their residence was located 2¾ miles from the schoolhouse in district 58. They had three children who had not yet completed the eighth grade, so on May 18, 1955, they filed a notice with the county superintendent of Merrick County that they desired "school privileges for the coming year" in district 49, whose schoolhouse in the village of Palmer was 1¼ miles nearer their residence than the schoolhouse in district 58. Such privileges were granted, but later canceled on May 25, 1956. By virtue of such action, appellants argued that Dallas Wegner and LaNelle Wegner transferred out of district 58 and were no longer voters of that district. We do not agree.

Such privileges were evidently requested under the provisions of section 79-478, R. S. Supp., 1955, but the record shows conclusively that Minnie A. Wegner, owner in fee simple of the farm upon which Dallas

Wegner and LaNelle Wegner were tenants, did not give written permission for the allowance of such a transfer from district 58 to district 49 located in the village of Palmer. In that connection, section 79-484, R. R. S. 1943, provides: "The provisions of sections 79-478 to 79-483 shall never be construed, except with the written permission of the owner or owners in fee simple of the real estate involved in the transfer, to permit or allow the transfer of a child or children from or to a city or village school district, however classified, located wholly or partly within the boundaries of any city or village." The provisions thereof are applicable and controlling here. The mere fact that Minnie A. Wegner knew that such privileges had been requested and granted is of no controlling importance. Therefore, in the absence of written permission by Minnie A. Wegner, we conclude that such transfer had no validity. The second assignment of error has no merit.

Each petition here involved contained a like condition: "* * * that sufficient other school districts file similar petitions to bring into said School District No. 49 sufficient territory and personal property to make the total valuation of all property subject to taxation in such enlarged School District No. 49 at the time of enlargement exceed Three Million Dollars." In such respect, the record discloses without dispute that in 1955 the valuation of tangible property in such enlarged district 49 was $3,229,410, and the valuation of intangible property was $525,345, or a total of $3,754,755, and that in 1956 the valuation of tangible property was $2,789,900, and the valuation of intangible property was $564,870, or a total of $3,354,770.

In that situation, appellants argued under the third assignment of error that the valuation should be determined in 1956 "at the time of enlargement" as provided in the petition, and that such valuation was insufficient because the legal voters never intended to

include intangible property values therein. Be that as it may, we conclude that the language of the valuation condition was all-inclusive and enveloped all intangible property as well as all tangible property. Had the voters intended to limit the valuation to real and tangible personal property, it would have been easy and natural to have said "real estate and tangible personal property" or "all real and personal property except intangible property," but that was not done. Viewed in such light, it becomes purely academic whether the 1955 or 1956 valuation should be considered because both valuations were in excess of three million dollars as found by the trial court.

In that connection, intangible property was subject to taxation in enlarged district 49, and such district was entitled to its statutory apportionment of such taxes. See, §§ 77-201.01, R. S. Supp., 1955; 77-701, R. S. Supp., 1955; 77-702, R. R. S. 1943; 77-703, R. S. Supp., 1955; and 77-704, R. S. Supp., 1955. Other statutory sections and authorities relied upon by appellants are not in point or controlling here. Thus, the third assignment of error has no merit.

With regard to the fourth assignment of error, appellants argued, without assigning any authority except section 79-402, R. S. Supp., 1955, that the county superintendents of Merrick and Howard counties erred in refusing to admit evidence of distances and the conditions of certain roads and a bridge necessary to be used by the pupils of certain districts in traveling to and from district 49. However, such matters of propriety or expediency in comparable proceedings were entirely for decision by the legal voters who signed the petitions, and were not an issue for the county superintendents or any of them to pass upon. Such evidence was entirely irrelevant, incompetent, and immaterial, and was properly excluded, because, as held in Olsen v. Grosshans, *supra:* "When proper petitions are filed with the several county superintendents of

schools requesting creation of a new district from other districts, or a change of boundaries of school districts across county lines under the provisions of section 79-402, R. S. Supp., 1951, it is the duty of the superintendents to give proper notice of and hold a multilateral hearing, and at or after such hearing to factually determine whether or not such districts have lawfully petitioned the same, and such action is judicial in nature.

"When the record of proceedings before such county superintendents in a proper hearing by them upon petitions filed under section 79-402, R. S. Supp., 1951, discloses that the districts involved have severally signed and filed proper petitions requesting creation of a new district from other districts or a change of boundaries thereof, such superintendents, acting multilaterally and not unilaterally, have jurisdiction and the mandatory duty to order the changes requested by such petitions, which order may be reviewed by petition in error, thereby providing an adequate remedy. Conversely, they have no jurisdiction and mandatory duty to order the changes requested." The fourth assignment of error has no merit.

The fifth assignment of error also should not be sustained because an examination of the record and applicable law discloses that the evidence was amply sufficient to and did sustain the judgment of the trial court, which was in every material respect in conformity with law.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is affirmed. All costs are taxed to appellants.

AFFIRMED.