AUGUST LONGE, A RESIDENT ELECTOR AND TAXPAYER OF
SCHOOL DISTRICT NO. 42 OF WAYNE COUNTY, NEBRASKA
(OR A RESIDENT ELECTOR AND TAXPAYER OF SCHOOL DISTRICT
NO. 60-R OF DIXON, WAYNE, AND THURSTON COUNTIES,
NEBRASKA), IN HIS OWN RIGHT AND ON BEHALF OF ALL PER-
SONS SIMILARLY SITUATED WHO WISH TO JOIN IN THIS
PETITION, APPELLANT, V. COUNTY OF WAYNE, NEBRASKA,
ET AL., APPELLEES.

121 N. W. 2d 196

Filed April 19, 1963. No. 35381.

Budd B. Bornhoft, for appellant.

Harry N. Larson, C. M. Kingsbury, Charles E. McDer-
mott, and Ronald K. Samuelson, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER,
SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

August Longe, the appellant, brought this action by
petition in error in the district court for Dixon County,
Nebraska, seeking to attack the reorganization and con-
solidation of 15 school districts in the Wakefield area

into one district known as School District No. 60-R of Dixon, Wayne, and Thurston Counties.

The defendants in error and appellees herein are very numerous and include the three counties of Wayne, Dixon, and Thurston; the county superintendents, assessors, treasurers, and county clerks of each of said counties; the special committee for reorganization of school districts for Wayne, Dixon, and Thurston Counties, hereinafter called the special committee; the Dixon County Committee for reorganization of school districts, hereinafter called the county committee; the members of each of said committees; and all the 15 school districts involved in the reorganization, as well as the new district formed by the consolidation.

The consolidation was undertaken by the election method under the Reorganization of School Districts Act, sections 79-426.01 to 79-426.19, R. R. S. 1943. Territory in the three counties being involved, the plan of reorganization, known as the Wakefield Plan of Reorganization, was prepared by a special committee composed of members from each of the three counties of Dixon, Wayne, and Thurston, as provided in section 79-426.09, R. R. S. 1943. It will hereafter be referred to as "the plan."

The plan was prepared and adopted after meetings of the special committee, including two public hearings thereon. It was then submitted to the State Committee for Reorganization of School Districts, which reviewed and approved it on April 12, 1961, and advised the special committee that it be submitted to the electors of the proposed district. The county committee of Dixon County, because that county appears to be the one in which the largest number of electors reside, proceeded to call and hold an election, pursuant to subsection (4) of section 79-426.15, R. R. S. 1943.

The election was held on June 13, 1961, at which time the plan was approved by a majority of all electors voting in the Class I districts by a vote of 200 in favor

of the proposition and 181 against it. It was likewise approved by the Class III district, including the city of Wakefield, by a vote of 359 in favor and 133 against the proposition. The canvassing board certified to the result of the election on June 16, 1961, as required by section 32-496, R. R. S. 1943.

Thereafter, pursuant to section 79-426.17, R. R. S. 1943, the county superintendents of the three counties, on June 28, 1961, joined in one certificate or order showing the changes of the school districts involved and the realignment and adjustment thereof. The certificate was directed to the several county clerks, assessors, and treasurers of the three counties involved. It set out the districts which were reorganized and the boundaries of the new district created by the consolidation.

On July 24, 1961, the appellant, a resident elector and taxpayer of one of the Class I school districts, reorganized with the other districts to form School District No. 60-R of the said three counties, brought this error proceeding on behalf of himself and all others similarly situated.

The cause was tried on the petition of appellant, the appellees' answers thereto, and the appellant's replies. On August 7, 1962, the district court rendered its judgment dismissing the petition. In the journal of judgment the district court held against the appellant, both upon the merits and upon procedural grounds. It held the reorganization proceedings were free from fatal defects and that a petition in error was not the proper remedy to challenge the election and the proceedings prior thereto.

A motion for new trial having been overruled, appellant brings the cause to this court by appeal.

The appellant contends the trial court erred in holding that the order or certificate of the county superintendents realigning and adjusting the district, as provided in section 79-426.17, R. R. S. 1943, was a ministerial instead of a judicial function and as such not reviewable

in error proceedings. There were numerous other assignments of error but they refer to the proceedings of the special committee or the county committee, and in view of our decision are not required to be considered.

Appellant contends that under the holdings of this court the order realigning and adjusting the school districts made by the three county superintendents, on June 28, 1961, was reviewable by error proceedings under section 25-1901, R. R. S. 1943. He cites as authority for this proposition Olsen v. Grosshans, 160 Neb. 543, 71 N. W. 2d 90; Keedy v. Reid, 165 Neb. 519, 86 N. W. 2d 370; School Dist. No. 49 v. Kreidler, 165 Neb. 761, 87 N. W. 2d 429; and Dovel v. School Dist. No. 23, 166 Neb. 548, 90 N. W. 2d 58. It is to be noted that all of the cited cases were brought to review, in error proceedings, decisions of the county superintendent made under the petition method of reorganization set out in section 79-402, R. S. Supp., 1961.

In the petition method of proceeding, the petitions of the electors are presented to the county superintendent or superintendents of schools of the county or counties involved with sworn lists of the electors of the various school districts presented with them. The county superintendents under the petition method are required to determine the sufficiency of the petitions and whether the required 55 percent of the electors of the several districts have signed the petitions. In such cases it has been held that the county superintendent's acts have the connotation of an adjudication and are not ministerial. Olsen v. Grosshans, *supra*.

The ultimate authority for changing the boundaries and the reorganization of school districts under both the petition method, as provided in section 79-402, R. S. Supp., 1961, and by the election procedure, rests with the electors of the several districts involved. The action of the county superintendent however under the two methods is quite different. Under the petition method the county superintendent must determine whether the

request of 55 percent of the electors in each district has authorized the proposed change. In doing so the superintendent acts judicially to a certain extent. It is only when the tribunal acts judicially that a review by error proceedings is allowed under section 25-1901, R. R. S. 1943.

In the case before us the electors have made known their decision by and through the election. The results of the election have been certified to the superintendents by the canvassing board. These results disclose the will of the electors. The county superintendents have no power or authority to change this result. Section 79-426.17, R. R. S. 1943, provides in part as follows: "If the plan of reorganization is adopted, the county superintendent of schools *shall* proceed to cause the changes, realignment and adjustment of districts to be carried out as therein provided." (Emphasis ours.) Section 79-426.17, R. R. S. 1943, is mandatory upon the county superintendent of schools and his action in carrying out the expressed decisions of the electors is ministerial only.

Appellant cites certain portions of this court's opinion in Nickel v. School Board of Axtell, 157 Neb. 813, 61 N. W. 2d 566. That case was an injunction action in which the court was considering the question of the constitutionality of the Reorganization of School Districts Act under which the consolidation now before us was effected. The court held the constitutionality might be tested by injunction. Appellant stresses that in the cited case this court discusses the constitutionality of the act with respect to the contention then advanced that there was no provision in the act for an appeal. In the opinion in the cited case certain decisions of this court, including Pollock v. School Dist. No. 42, 54 Neb. 171, 74 N. W. 393, were discussed to show that if no method of appeal was provided and a decision to a certain extent judicial in its character and subject to review was involved, the review could be had through error proceedings as provided by section 25-1901, R. R. S. 1943.

Some of the cases so cited, including Pollock v. School Dist. No. 42, *supra*, were those involving the petition method of reorganization of schools under section 79-402, R. S. Supp., 1961. Appellant maintains that because Nickel v. School Board of Axtell, *supra*, was a case involving the election method of reorganization, the citation and discussion of these prior decisions of this court at least implied that the same procedural remedy exists to review the order of the superintendent in an election case, as had existed in cases under section 79-402, R. S. Supp., 1961. We do not agree with the appellant's contention. It is to be noted that the court in Nickel v. School Board of Axtell, *supra*, concluded this discussion with these remarks: "If any action taken by the county committee was appealable, a question we need not and do not decide, these statutes fully meet the requirements of the Constitution." Apparently this court was discussing the possibility of bringing error proceedings to review any action of a committee leading to the election that might involve some judicial discretion. It was not necessary for this court to determine this question discussed at that time nor is it necessary for us to do so now. No error proceeding in this cause was brought within 1 month of any decision of any such committee as required by section 25-1931, R. R. S. 1943. There is certainly nothing in the cited case that may be said to infer that a review by error proceeding lies from the action of the county superintendent in implementing the changes and realignments as provided by section 79-426.17, R. R. S. 1943, after a reorganization has already been effected by the electors themselves. No such question was before the court in that case.

In Arends v. Whitten, 172 Neb. 297, 109 N. W. 2d 363, it was determined that the election provided in the Reorganization of School Districts Act was a special election and not a school election. The court then held: "The special election authorized by section 79-426.15, R. R. S. 1943, is governed by the general election laws

and is subject to the contests provided in section 32-1001, R. R. S. 1943." The case cited School Dist. No. 49 v. School Dist. No. 65-R, 159 Neb. 262, 66 N. W. 2d 561, in which this court stated: "The statute has provided an adequate remedy for the settlement of the rights of parties in election cases by either contest or quo warranto and these remedies are exclusive."

The appellant instead of bringing an action to contest the election, as provided by sections 32-1001 to 32-1036, R. R. S. 1943, allowed the election to be held and the decision of the electors thereat to be determined, ascertained, and certified by the canvassing board. He then seeks to review the election and the steps leading thereto through error proceedings brought to review the action of the county superintendents in implementing the results of that election under section 79-426.17, R. R. S. 1943, a step involving no judicial discretion on their part.

Having determined that the action of the county superintendents thereunder was ministerial only, it follows that the action cannot be maintained and that the trial court did not commit error in dismissing the action, and its judgment should be affirmed.

AFFIRMED.