LOUIS MOSER ET AL., APPELLEES, V. GLENN E. TURNER, COUNTY SUPERINTENDENT OF SCHOOLS OF LANCASTER COUNTY, NEBRASKA, ET AL., APPELLANTS, IMPLEADED WITH BERNARD J. KLASEK, COUNTY SUPERINTENDENT OF SCHOOLS OF SALINE COUNTY, NEBRASKA, ET AL., APPELLEES.
HAROLD BECK ET AL., APPELLEES, V. GLENN E. TURNER, COUNTY SUPERINTENDENT OF SCHOOLS OF LANCASTER COUNTY, NEBRASKA, ET AL., APPELLANTS, IMPLEADED WITH BERNARD J. KLASEK, COUNTY SUPERINTENDENT OF SCHOOLS OF SALINE COUNTY, NEBRASKA, ET AL., APPELLEES.
144 N. W. 2d 192

Filed July 22, 1966. Nos. 36171, 36172.

Paul L. Douglas, William D. Blue, Ronald D. Lahners, Floyd A. Sterns, Walter D. Weaver, and Janice L. Gradwohl, for appellant Turner.

William L. Walker and Earl Ludlam, for appellants Vlasak et al.

Jerry L. Snyder, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and SCHEELE, District Judge.

BROWER, J.

These two cases arise from multilateral hearings had before Bernard J. Klasek, county superintendent of schools of Saline County, Nebraska, referred to as Klasek, and Glenn E. Turner, county superintendent of schools of Lancaster County, designated hereafter as Turner.

Case No. 36171 involved action on a petition of the electors of School District No. 11 of Lancaster County

and a petition of the school board of the city of Crete in Saline County, herein called the Crete district, which petitions sought to dissolve School District No. 11 and annex and attach its territory to the Crete district.

Case No. 36172 involved similar petitions seeking the dissolution of School District No. 72, Lancaster County, and to annex and attach its territory to the same city school.

After several continuances, final hearings were held by the two county superintendents at Wilber, Nebraska, that concerning the annexation of School District No. 11 on February 18, 1964, and of School District No. 72 on February 20, 1964.

On February 25, 1964, Klasek signed orders granting the petitions and ordering the dissolution, annexation, and attaching of the two districts to the Crete district. On the same day Turner made his order denying the petitions in both cases.

Thereafter in case No. 36171, Louis Moser, a legal voter of School District No. 11, for himself and as a class action for all other legal voters similarly situated and who signed the petition for the dissolution and annexation of that district, filed a petition in error in the district court for Saline County, making the two county superintendents, the Crete district, certain named objectors, and all other objectors to the petition for the change of boundaries, parties.

In case No. 36172, Harold Beck, Adeline I. Jans, and Orval H. Jans, legal voters of School District No. 72, for themselves and as a class action, filed in the same court a similar petition in error against both superintendents, the Crete district, certain objectors named, and all other objectors to the change of boundaries in School District No. 72.

Each petition alleged the order of Klasek was correct and not in error and the order of Turner was in error, and sought a reversal of the latter and the judgment of

the court changing, the boundaries and annexing the respective districts to the Crete district.

Each petition in error had attached thereto a transcript of the entire proceedings, including the final order in the respective cases, and filed with each was a bill of exceptions containing all the evidence produced at the hearing before the county superintendents which was thereafter admitted in evidence in each case in district court.

In each action the defendants, named as objectors, appeared for themselves and all other objectors similarly situated, and the other parties filed voluntary appearances or were served with summonses. Special demurrers were filed by the named objectors, and on being overruled, answers and cross-petitions were filed. The demurrers and answers properly raised the questions hereinafter discussed.

The parties will be designated here as plaintiffs and defendants.

Separate trials in district court each resulted in a judgment finding the trial court had jurisdiction of the subject matter; that Klasek's order of February 25, 1964, should be affirmed; that Turner's order of the same date should be reversed; that the school petitions in each instance were sufficient and valid; and that the territories of School Districts No. 11 and No. 72 of Lancaster County should be attached to the Crete district.

Defendants' motions for a new trial being overruled, the two cases have been brought by appeal to this court where they have been consolidated for briefing and argument.

The defendants have assigned 17 errors to the trial court, but many of them are not argued in their brief, and others are repetitious and are separately related successively to the various orders and rulings as well as the final judgment of the trial court. The questions necessary for our decision will be set out as discussed.

The defendants first contend that the trial court

had no jurisdiction because proceedings in error cannot be taken from the decision of the county superintendent and that the sole method of review was by an appeal. The proceedings are based on section 79-402, R. S. Supp., 1965, which was last amended by Laws 1963, c. 472, § 1, p. 1514, which became effective July 12, 1963, a short time before the petitions referred to in each action were circulated and completed. The amendment of 1963 provided, among other things, "that any person adversely affected by the changes made by the county superintendent may *appeal* to the district court of any county in which the real estate, or any part thereof, involved in the dispute is located." (Italics supplied.) The method of appeal was not provided in section 79-402, R. S. Supp., 1965, but the Legislature had previously enacted L. B. 277, Laws 1963, c. 138, § 1, p. 515, now section 25-1937, R. R. S. 1943, providing that where a statute provides for an appeal without setting forth the procedure therefor, the appeal shall be the same as appeals from county court to district court in civil actions. This provision was not followed and the defendants assert it is now the exclusive remedy of those seeking a review of proceedings before a county superintendent. It is competent for the Legislature to prescribe whatever mode of procedure it may see fit for bringing judicial questions before the courts for determination or a multiplication of cumulative remedies. Tyson v. Washington County, 78 Neb. 211, 110 N. W. 634, 12 L. R. A. N. S. 350; C. R. T. Corp. v. Board of Equalization, 172 Neb. 540, 110 N. W. 2d 194. This court has repeatedly held that where the county superintendents of schools act in a quasi-judicial capacity, their decisions may be reviewed under section 25-1901, R. R. S. 1943, by petition in error, some of the more recent cases being School Dist. No. 49 v. Kreidler, 165 Neb. 761, 87 N. W. 2d 429; Lindgren v. School Dist. of Bridgeport, 170 Neb. 279, 102 N. W. 2d 599. There is nothing in section 79-402, R. S. Supp., 1965, or in

section 25-1937, R. R. S. 1943, which purports to take away the right to proceed in error under section 25-1901, R. R. S. 1943. Any person adversely affected by the changes made by a county superintendent pursuant to section 79-402, R. S. Supp., 1965, may proceed by appeal or by error pursuant to section 25-1901, R. R. S. 1943. Defendants' contention has no merit.

Defendants next maintain that the county superintendents had no authority to hold hearings with respect to petitions to change the boundaries of school districts or the annexation of one district to another where the territory involved lies in more than one county. The first part of section 79-402, R. S. Supp., 1965, provides in part that: "The county superintendent shall create . a new district as hereinafter provided from other districts, or change the boundaries of any district upon petitions signed by sixty per cent of the legal voters of each district affected; * * *." Defendants point out that the word "superintendent" is in the singular. However, section 79-402, R. S. Supp., 1965, clearly indicates the Legislature intended to allow the legal voters the right to reorganize their school districts or change the boundaries thereof even though the proposed change involved territory in more than one county. This appears from the following portions of the section: "Provided, that any person adversely affected by the changes made by the county superintendent may appeal to the district court of any county in which the real estate, or any part thereof, involved in the dispute is located. * * * If the real estate is located in more than one county, the court in which an appeal is first perfected shall obtain jurisdiction to the exclusion of any subsequent appeal. * * * Territory may be annexed to a district from an adjoining county upon joint action by special committees as provided in section 79-426.09 with such special committee performing those responsibilities as herein provided for the county committee." Neither is it of import that the word "superintendent"

occurs in the singular throughout the section. Section 49-802, R. R. S. 1943, provides: "Unless such construction would be inconsistent with the manifest intent of the Legislature, rules for construction of the statutes of Nebraska hereafter enacted shall be as follows: * * *

"(6) Singular words may extend and be applied to several persons or things as well as to one person or thing." Section 79-402, R. S. Supp., 1965, as changed by amendments from time to time, has been the law of this state for many years. As it formerly existed, the word "superintendent" was construed to mean "superintendents" to make it agree with other then existing provisions. Olsen v. Grosshans, 160 Neb. 543, 71 N. W. 2d 90. Under the section as it has existed, from time to time this court has held that the county superintendents of the counties involved acting jointly had the duty under petitions to make changes in boundaries of school districts, portions of which are in more than one county. Halstead v. Rozmiarek, 167 Neb. 652, 94 N. W. 2d 37; Lindgren v. School Dist. of Bridgeport, *supra*; Olsen v. Grosshans, *supra*.

Defendants call attention to the following provision in section 79-402, R. S. Supp., 1965: "When any such territory not in any organized district is located in more than one county, notice of such fact shall be given to the joint committee provided for in section 79-426.09, whose duty it shall be to give the prescribed notice of and hold the hearing on the question of to which organized district or districts such territory shall be attached." They contend that section 79-426.09, R. S. Supp., 1965, referred to in the quoted provision, provides a method for the county committee operating under sections 79-426.08 and 79-426.09, R. S. Supp., 1965, to reorganize school districts and submit the same to the electors at an election provided for in section 79-426.15, R. S. Supp., 1965. They maintain this is now the exclusive method for annexing or changing boundaries of school districts where the territory lies in more than one county, and the county superin-

tendents have been divested of all authority to make such changes in those cases.

In the year 1949 a comprehensive plan for the readjustment and realignment of all school districts was adopted by the Legislature. A state committee for this purpose was established; also a similar committee for every county in the state. The state committee was directed to set up and recommend to the county committee plans and procedures for reorganization of school districts. When the county committee should determine that some reorganization was desirable, it was to hold one or more public hearings with respect to the merits of the proposed plans, provide for the equitable adjustment of all property, debts, and liabilities among the districts, and thereafter formulate and complete a plan for the reorganization of any or all school districts. This plan was to be submitted to the state committee for its recommendations. If no recommendations were made by the state committee, the proposed plan was to be submitted to a vote of the electors. If the state committee made recommendations, the county committees were to consider them and could hold additional public hearings, after which it would announce its plan as adopted and submit it to a vote at a special election.

In setting up this comprehensive reorganization procedure, the Legislature did not take away the right of the voters to proceed to make such changes as they desired by petition under the provisions of section 79-402, R. S. Supp., 1965. It did, however, provide that the petitions be submitted to the county committee and the state committee for their review and recommendations. The petitions and recommendations were also to be presented to the legal voters at a public hearing. Legal voters could either withdraw their names from the petition or add them to it while being considered by the committee. At the end of the 10 days the committee was to return the petitions to the county superintendent who then had the duty to hold a public hearing to determine

the validity and sufficiency of the petitions. If, after this hearing, the county superintendent determined that 60 percent of the voters had signed the petitions, he should then proceed to effect the changes in the boundaries as set forth in the petitions.

Apparently the provisions for review of the action of the county superintendent by the county and state committees stemmed in part from the desire to keep them informed of the changes being made by the electors by the petition method. Certainly under section 79-402, R. S. Supp., 1965, it was not intended thereby to divest the authority of the county superintendent under the petition method. The office of the reorganization committees in proceedings to change the school districts before the county superintendents is shown in Lindgren v. School Dist. of Bridgeport, 170 Neb. 279, 102 N. W. 2d 599, where this court said: "It is contended that the proceedings are void in that the state committee on reorganization did not have its report before the county committee on reorganization at the time it held its hearing on the proposal to transfer the lands in question. Such report was filed with the county superintendent when the hearing was held to determine the sufficiency of the petitions. We point out that the consideration of the proposal to transfer lands by the state and county committees is advisory only. Such committees have no part in determining whether or not the transfer shall be made other than to make recommendations thereon. The failure of the state committee to make its recommendations prior to the time the county committee met is an irregularity only where it is shown that such report was on file with the county superintendent at the hearing at which the transfer was approved. This is an irregularity that could have been raised by an error proceeding, and which affords no basis for a collateral attack." There is no indication in section 79-402, R. S. Supp., 1965, that petitioners whose districts cross county lines are to be denied the benefits of that section, nor

that they are required to follow the plan set up for comprehensive reorganization. The two methods are distinguished from one another in Longe v. County of Wayne, 175 Neb. 245, 121 N. W. 2d 196. We conclude that the county superintendents of the counties involved have the authority and jurisdiction when acting jointly and multilaterally to create new districts or change the boundaries of existing districts where territory lies in one or more counties under section 79-402, R. S. Supp., 1965.

Defendants contend that the county superintendents were without jurisidiction to consider the petitions for annexation because the district reorganization committees of all the counties in which lies the area of any school district affected had not been notified of the proceedings to dissolve, annex, and attach the area to another district. They argue that certain lands in Seward County were a part of the Crete district and that the Seward County special committee was not notified and took no part in the consideration of the petitions prior to their being filed with the county superintendents. No land in Seward County is being transferred in the proceedings. The Seward County land is a part of the Crete district. It is represented by the officials of that district who alone signed that district's petition. Section 79-426.05, R. S. Supp., 1965, provides for the county committees under the comprehensive redistricting plan. These are the committees referred to in section 79-402, R. S. Supp., 1965. Section 79-426,05, R. S. Supp., 1965, has this provision: "The county committee of the county in which the schoolhouse or the administrative office of a joint district lying in two or more counties is located shall be designated to have within its jurisdiction the territory of said joint district for the purposes of organizing school districts." We think it clear that where a school district contains land in more than one county, section 79-426.05, R. S. Supp., 1965, provides that the county committee of the county in which the school-

house of the district lies is the only county committee that represents such district in a proceeding to change the boundaries thereof. This assignment of error cannot be sustained.

Defendants maintain the trial court erred in overruling their motion to call witnesses in support of certain allegations of fraud practiced by those circulating the petitions. The case of Dovel v. School Dist. No. 23, 166 Neb. 548, 90 N. W. 2d 58, was an error proceeding. This court, in its consideration of the case, stated: "We think the taking of new evidence dehors the record before the county superintendent of schools was not consistent with the nature of the proceeding before the court and that such evidence may not be considered. To hold otherwise would have the effect of permitting an appeal where an appeal is not authorized. The question presently for determination is whether or not the record of the proceedings before the county superintendent of schools discloses error as a matter of law." It seems clear that from the very nature of an error proceeding, the rights of the parties are determined by the appellate court solely on the record made by the tribunal whose action is being reviewed. No new facts or evidence can enter into the consideration of the court. The defendants cite no authority showing an exception to this rule permitting evidence of fraud to be received on appeal in an error proceeding, and we have found none. We do not think additional evidence should have been permitted here.

Defendants assert that there was sufficient evidence of fraud presented at the hearing before the county superintendents to vitiate the petitions in any event. We have examined this evidence. A witness and voter of School District No. 72 testified that the circulator of the petition in School District No. 72 told her that she already had sufficient signers but would like to have her sign also. This was denied by the circulator, and the witness does not appear to have been influenced by the remarks as her name does not appear among the signers

on the petition. Another testified that an attorney for the Crete district, in a conversation on the street in Crete, told her that her daughter would not be permitted to attend school in Crete unless School District No. 72 was joined to that district and this might be the last opportunity for School District No. 72 to be joined to the Crete district. Although she and her husband signed the petition, she stated these remarks did not influence them in so doing. She likewise testified the circulator of the petition told the witness and her husband, who signed the same, that she already had enough signers. Perhaps the circulator really thought a sufficient number of voters had already signed as apparently she was then circulating a separate petition to be attached to another one. If the two were considered together, it appears only two or three signatures were then needed. The testimony concerning fraud lacks substance and is clearly insufficient. If such testimony could vitiate such a petition, there would be few indeed that could be accepted if contested. "Fraud is never presumed but must be clearly proved by the party who pleads and relies on it." Sterner v. Lehmanowsky, 173 Neb. 401, 113 N. W. 2d 588. The evidence of fraud is insufficient.

Klasek found that 67.3 percent of the legal voters had signed the petition for annexation in School District No. 11 after making adjustments caused by timely withdrawals and additions timely filed by the voters and in the sworn list of voters attached from the evidence adduced. He found 63.2 percent of the voters in School District No. 72 had signed the petition after making similar adjustments. The approval of the proposed change by the county reorganization committee and the state committee on school district reorganization was in the record. In such a case only 60 percent of the voters of a school district is required on a petition to reorganize the districts. Defendants point to no adjustments improperly made or to others that should be made that could affect the result. The trial court found that the

petitions were sufficient, that Turner was in error, that the Klasek order should be affirmed, and that the territories of School Districts No. 11 and No. 72 in Lancaster County should be attached to School District No. 2, Saline County. After reviewing the record and the defendants' contentions, we agree with its decision.

It follows that the judgment of the trial court was right and should be and is affirmed.

AFFIRMED.